No. 23,509.

J. L. EDWARDS et al., *Appellees*, v. THE CITY OF NEODESHA, *Appellant*.

### SYLLABUS BY THE COURT.

CONDEMNATION PROCEEDINGS—*Motion to Dismiss Denied—Appeal Prematurely Taken.* In an appeal to the district court from an award of damages for land condemned for a city water supply, certain part owners of the land taken, who had been omitted from the condemnation proceedings, were made parties to the action on their own motion, and after trial and verdict in their behalf the city filed two motions: (1) for a new trial, and (2) to dismiss the parties permitted to intervene. The motion for a new trial was granted and the motion to dismiss denied. *Held*, that the order denying the motion to dismiss is not appealable until the final determination of the action in the trial court.

Appeal from Wilson district court; SHELBY C. BROWN, judge. Opinion filed February 11, 1922. Dismissed.

*C. W. Shinn*, of Neodesha, and *W. H. Edmundson*, of Fredonia, for the appellant.

*E. D. Mikesell*, of Fredonia, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: This action arose over the condemnation of plaintiffs' land for a dam site and water supply for the city of Neodesha. The condemnation award for the land taken, about three-fourths of an acre, was $75, and the award for damages to the land not taken was $500. The land belonged to J. L. Edwards, August A. Edwards and Dorothy E. Edwards. The condemnation proceedings had dealt with the property as if it belonged solely to J. L. Edwards. He appealed from the award. Later August and Dorothy were made parties to the action on their application. The cause was tried before a jury and a verdict was returned in favor of the landowners for $1,942.50.

The city filed a motion for a new trial. It also filed a motion to dismiss the action as to August A. Edwards and Dorothy E. Edwards because they did not appeal from the award in the first instance. The city's motion to dismiss was overruled; its motion for a new trial was granted.

The city appeals from the order overruling its motion to dismiss. The appellee raises the point that this is not an appealable order.

The ruling was not a final order as defined in section 566 of the civil code, nor was it an intermediate appealable order under any of the provisions of section 565 of the civil code.

In *Dolbee v. Hoover,* 8 Kan. 124, it was held: ·

"The denial of a motion to dismiss an action made by the defendant, is not one of the orders of the district court from which error lies to the supreme court until the final disposition of the action in the court below." (Syl.)

To the same effect are: *Brown v. Kimble,* 5 Kan. 80; *Edinfield v. Barnhart,* 5 Kan. 225; *Simpson v. Kirschbaum,* 43 Kan. 36, 22 Pac. 1018.

In *Weigand v. Wilson,* 107 Kan. 445, 446, 193 Pac. 1065, it was said:

"A final order is one affecting a substantial right in an action, when it in effect determines the action and prevents a judgment. . . . Of course, the mere refusal to dismiss . . . does not have either of these effects."

The appeal is dismissed.