No. 22,320.

BRADLEY & VROOMAN COMPANY, *Appellant*, v. W. A. SUMMER,
*Appellee*.

SYLLABUS BY THE COURT.

1. ONLY COSTS INVOLVED—*No Appeal*. No appeal lies from a decision where
the only matter involved is the costs adjudged against the appellant.

2. SAME—*Duty of Trial Court to Raise Question of Jurisdiction*. Although
the appellee does not raise the question of jurisdiction, it is the duty of
the court, where the record discloses the lack of jurisdiction, to raise the
question itself and dismiss the appeal.

Appeal from Montgomery district court; JOSEPH W. HOLDREN, judge. Opin-
ion filed March 11, 1922. Dismissed.

*Claud J. Bryant*, of Independence, and *Emil H. Koehl*, of Caney, for the
appellant.

*Hal R. Clark*, of Independence, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The only question raised by this appeal is the
validity of an award of costs in favor of defendant when the court
had given judgment in favor of plaintiff upon a part of its claim.

Plaintiff sued the defendant for $427.41, alleged to be due upon
an account for paint sold by it to the defendant. The defense was
that the paints were represented to be of a certain quality and that
an agreement had been made that if they were not up to that stand-
ard the defendant had the right to return the same. Defendant
·claimed that when the paints were received and a part of the same
had been disposed of, complaints of quality came in from customers,
and upon investigation he found the paints were inferior in quality
and not up to the agreed standard. He then returned that part of
the goods which had not been sold and also sent plaintiff a check
for $144.81, which he said was the balance due for the goods which
had been sold. Plaintiff refused to accept the tender made and
brought suit for the amount for which the goods were sold. When
the defendant answered setting up his defenses, he renewed his
tender of $144.81, and alleged that he was ready to pay the same to
the clerk upon the order of the court. On a trial before a jury they
found the amount due to plaintiff to be $144.81, and thereupon the
court awarded the plaintiff that amount, but adjudged that the de-
fendant recover the costs of the action taxed at $106.71.

The contention of the plaintiff, which appeals, is that the tender as made was insufficient in that it did not include an offer to pay the accrued costs and that the verdict of the jury in its favor legally entitled it to a judgment for costs.

The defendant plausibly argues that his tender of the full amount due upon the debt before the action was brought, and which he renewed and kept good in his answer, precludes a recovery of costs by plaintiff, but it must be held that the court is without jurisdiction to determine the question. The only matter in controversy is the decision as to the recovery of costs. In plaintiff's notice of appeal it expressly stated that this question is the only part of the judgment brought up for review. Limitations have been placed upon appeals, and under the code no appeal lies from a decision where only costs are involved. (Civ. Code, § 566; *Oswald v. Railway Co.*, 104 Kan. 281, 178 Pac. 621, and cases there cited.)

Although the question of jurisdiction is not raised by the defendant, the lack of power in the court to review the decision is apparent, and it is the duty of the court to raise the question itself and dismiss the appeal.

Dismissed.