No. 34,803

MONTGOMERY WARD AND COMPANY, *Appellee,* v. FRANK ELLIS, *Appellant.*

(103 P. 2d 817)

Opinion filed July 6, 1940.

*S. L. Lashbrook* and *Peter Couture,* both of Topeka, for the appellant.

*Willard H. Shaffer, Robert Stone, James A. McClure, Robert L. Webb, Beryl R. Johnson* and *Ralph W. Oman,* all of Topeka, for the appellee.

The opinion of the court was delivered by

SMITH, J.: This action was started in the court of Topeka, and resulted in a judgment for the defendant. The plaintiff appealed to the district court of Shawnee county and filed an appeal bond. This bond provided, in part:

"Now, therefore, we, Montgomery Ward and Company, as principal, and Trinity Universal Insurance Company, as surety, hereby undertake to the

above-named Frank Ellis, that the said Montgomery Ward and Company will pay the costs in the above case as set forth in the judgment, in case the said judgment shall be affirmed, in whole or in part."

After the case was docketed in the district court of Shawnee county the defendant filed a motion to dismiss the appeal for the reason that the bond was not a good and sufficient one to secure the cost of the appeal, as provided by G. S. 1935, 61-1002. On the 2d day of January, 1940, twenty-seven days after the judgment in the court of Topeka, the plaintiff filed a motion to change the appeal bond. This motion provided:

"Comes now the plaintiff in the above-entitled action, and moves the court for an order permitting it to change the appeal bond heretofore filed. In support of its motion, plaintiff tenders herewith to the clerk of this court, a new bond to take the place of the one already on file. Plaintiff further moves that the new bond hereby tendered be either certified by this court to the court of the city of Topeka, from whose judgment this appeal was taken, or be filed in this court."

The court considered the motion to dismiss the appeal and the motion to change the appeal bond at the same time, allowed the motion to change the appeal bond, and overruled the motion of the defendant to dismiss the appeal. Whereupon the defendant brought his appeal to this court. At the outset, we find ourselves confronted with the question of whether this refusal to dismiss the appeal to the district court was an appealable order.

In *Hudson v. Hudson,* 142 Kan. 358, 46 P. 2d 882, the appeal was from an order refusing to dismiss the action on account of former adjudication. This court held:

"A decision overruling a motion to dismiss because of a former adjudication is not a final order as defined in the code and is not appealable." (Syl. ¶ 2.)

In *Clothier v. Wallace,* 135 Kan. 347, 10 P. 2d 889, there was an appeal to the district court from an order of the probate court. The motion to dismiss the appeal was denied by the district court. When the matter was appealed to this court the appeal was dismissed because the order refusing to dismiss the appeal was not an appealable order under the provisions of G. S. 1935, 60-3303. (See, also, *Weigand v. Wilson,* 107 Kan. 445, 193 Pac. 1065.)

In *Maynard v. Bank,* 105 Kan. 259, 182 Pac. 542, the attempted appeal was from an order overruling a motion to dismiss. This court said:

"The case has been argued here upon its merits, the jurisdiction of this court not having been questioned by the appellee. It is obvious, however, that

the appeal cannot be entertained, because the decision overruling the motion to quash the service and dismiss the case is not a final order as defined in the code, and is not made appealable by the statute." (p. 260.) (See, also, *In re Estate of Johnson,* 147 Kan. 12, 75 P. 2d 813.)

It is clear from these authorities that this was not an appealable order, and that when that fact appears from the record this court may not consider the appeal, even though the fact that the order was not an appealable one was not called to our attention by either of the parties.

The appeal is therefore dismissed.