No. 37,406

REX SINGLETON et al., *Appellees*, v. THE STATE HIGHWAY COMMISSION OF KANSAS, *Appellant*.

(201 P. 2d 650)

Opinion filed January 22, 1949.

*Alfred J. Anderson*, of Iola, argued the cause, and *Stanley Taylor*, of El Dorado, was with him on the briefs for the appellant.

*T. D. Hampton*, of Fredonia, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This is an attempted appeal by the state highway commission from an order of the district court overruling a motion to strike from the records a landowner's appeal from a condemnation award.

The highway commission instituted proceedings to condemn certain lands for highway purposes pursuant to the provisions of G. S. 1947 Supp. 26-101 *et seq*. It is conceded appraisers were appointed and all proceedings were properly had including the filing of the

award for damages to the landowner. The report of the appraisers was filed March 26, 1947. On the 30th day thereafter, namely, April 25, between the hours of 7:00 and 9:00 p. m., the landowner's attorney delivered a notice of appeal and bond to the clerk of the district court while he was at a place other than his office. At that time the clerk gave the case a number and on arriving at his office the following day endorsed the filing date on the notice of appeal and bond as April 25 and placed the instruments in the files of his office. Thereafter the highway commission moved that the appeal be stricken from the records for the reason the appeal was not perfected in the manner provided by law. The district court heard evidence relative to the time and manner of perfecting the appeal to the district court which was, in substance, as previously narrated. The court overruled the motion to strike. From that ruling the highway commission has appealed.

The legal question appellant seeks to present to this court is whether the appeal was perfected in the manner and time required by the provisions of G. S. 1947 Supp. 26-102.

In order to determine that question on its merits this court must, of course, first acquire jurisdiction of the instant appeal. If the motion to strike the appeal had been sustained by the district court the litigation would have been terminated. In other words an order sustaining the motion to strike would have terminated the action and prevented a judgment on the merits for either party. Such an order would have been a final and appealable order. (G. S. 1935, 60-3302; 60-3303.) The mere overruling, however, of the motion to strike the appeal to the district court did not have either of the above mentioned effects. It follows there was no final and appealable order. (*Edwards v. City of Neodesha,* 110 Kan. 492, 204 Pac. 708.) It was early held the denial of a motion to dismiss an action is not one of the orders of the district court from which error lies to this court until the final disposition of the action. (*Brown v. Kimble,* 5 Kan. 80.) This rule has been applied to cases generally, including actions for condemnation of lands. A few of the cases are *Dolbee v. Hoover,* 8 Kan. 124; *Hudson v. Hudson,* 142 Kan. 358, 46 P. 2d 882; *Heiman v. State Highway Comm.,* 146 Kan. 315, 69 P. 2d 685; *In re Estate of Johnson,* 147 Kan. 12, 75 P. 2d 813; *Montgomery Ward & Co. v. Ellis,* 152 Kan. 320, 103 P. 2d 817; *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220.

The appeal is dismissed.