No. 37,407

Kansas State Highway Commission and City of Chanute, *Appellees*, v. Irene Moore, Manie M. Ingraham and Irving Ingraham, *Appellants*.

(201 P. 2d 652)

Opinion filed January 22, 1949.

*William Gough, Jr.*, of Chanute, argued the cause, and *T. R. Evans* and *Ruth Bordner Gough*, both of Chanute, were with him on the briefs for the appellants.

*Alfred J. Anderson*, of Iola, argued the cause, and *Stanley Taylor*, assistant attorney general, *B. M. Dunham, Joe F. Balch* and *Charles E. Henshall*, all of Chanute, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Thiele, J.: On August 5, 1947, the State Highway Commission commenced a proceedings in the district court of Neosho county to condemn certain real estate for highway purposes. On the same date the city of Chanute commenced a similar proceedings to condemn real estate within the city for the same purpose. Thereafter appraisers were appointed and made their reports. In due time the commission, the city and Irene Moore, Manie M. Ingraham and Irving Ingraham, owners of real estate involved, appealed from the awards of the appraisers. After the appeals had been filed the landowners filed identical motions in each proceeding. What is hereafter said concerning the proceeding instituted by the commission is applicable to that instituted by the city.

The petition filed by the commission contained four numbered paragraphs, alleging generally (1) the corporate existence of the commission and its power to designate and construct highways;

(2) that it desired to acquire in the name of the state of Kansas for establishing, constructing, maintaining, improving and draining the state highway system in Neosho county, real estate (including that owned by the above named owners); (3) that the commission in regular session found it necessary, in order to "establish, lay out, open, construct, improve, maintain and drain" the highway system, to acquire for such purposes the lands referred to and ordered that such lands be acquired by exercise of the right of eminent domain; and (4) that the commission under statutory authority may acquire the lands by the exercise of the right of eminent domain.

After the several appeals heretofore mentioned had been taken and in February, 1948, the landowners filed their motion that the court dismiss the proceedings for three asserted reasons: (1) The court had no jurisdiction of the subject matter nor of the parties; (2) that the commission had not complied with the necessary condition precedent as provided in G. S. 1935, 24-1071 and 82a-301 (dealing with consent of the chief engineer of the division of water resources), and (3) that they refer to and make part of their motion the plans and specifications of the project. This motion was denied on February 25, 1948.

When the appeal came on for trial on March 8, 1948, the landowners refiled their motion to dismiss, adding the further reason that the proceedings showed on their face that the commission had not complied with the condition precedent, and that the court had no jurisdiction. This last motion was denied and the trial proceeded. Under date of March 10, 1948, the jury returned its verdict fixing the amount of the landowners' damages and answering special questions. In due time the landowners filed their motion for a new trial. We note the appeal from the city's condemnation was tried later and that on May 28, 1948, the jury returned its verdict fixing the amount of the landowners' damage and answering special questions. They filed their motion for a new trial. The abstracts do not disclose whether in either case the motion for a new trial has been ruled on or whether any judgment has been rendered on the verdict.

The record discloses that under date of April 23, 1948, the landowners perfected an appeal to this court from the rulings of February 25, 1948, and March 8, 1948, denying their motions to dismiss the proceedings in both cases.

It may first be observed that if these motions are what they pur-

port to be, that is, motions to dismiss an action, the rulings denying dismissal are not final orders and are not subject to review. In *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220, it was said:

"We have repeatedly and uniformly held that the overruling of a motion to dismiss an action, made by the defendant, is not one of the orders of the district court from which an appeal lies to the supreme court until final disposition of the cause in the court below" (citing cases). (p. 499.)

If the motions be considered as ones to dismiss the commission's appeal from the award, it is noted that this court held in *Heiman v. State Highway Comm.,* 146 Kan. 315, 69 P. 2d 685, that an order of the district court denying a motion to dismiss an appeal from an award made in a condemnation proceeding is not a final order and is not appealable. And see *Singleton v. State Highway Comm.,* this day decided (*ante,* p. 406). The same rule has been applied to denial of motions to dismiss appeals from other tribunals. (*Anderson v. Higgins,* 35 Kan. 201, 10 Pac. 570, justice of the peace; *In re Estate of Johnson,* 147 Kan. 12, 75 P. 2d 813, probate court; *Montgomery Ward & Co. v. Ellis,* 152 Kan. 320, 103 P. 2d 817, city court.) Each of the above decisions cites others to the same effect. The rulings from which appellants seek to appeal are not final orders from which an appeal may be taken, and under the code of civil procedure (G. S. 1935, 60-3302, 60-3303) this court is without jurisdiction.

The above might well end consideration of the appeals. However we note that appellants' brief is devoted largely to a discussion of the necessity of the commission's having procured the approval or consent of the chief engineer of the division of water resources as a condition precedent to the construction of certain works as set forth in G. S. 1935, 24-1071, 82a-301 *et seq.* Assuming for the moment that in a proper case such approval or consent was requisite, and further that the motions to dismiss are to be treated as demurrers, it is noted that the commission's petition for exercise of the right of eminent domain did not show affirmatively any situation where consent or approval was necessary under the above statutes. Appellants stress that plans and specifications for the proposed work so show but the record does not disclose just when the plans and specifications for the improvement came before the court. It is clear they were no part of the petition as abstracted, and could not be considered in determining sufficiency of the petition. It is true that at the trial they were before the court and

jury and that there was testimony upon which the appellants could base their contentions, but if there was any error in the trial court's rulings thereon, or in its instructions to the jury, or in any judgment it may have rendered, or in its rulings it may have made on the motions for a new trial, there has been no appeal therefrom.

The appeals are dismissed.

WEDELL, J., not participating.