No. 37,549

In re Estate of JOHN WEST, Deceased, et al., *Appellants,* v. JOHN E. WEST, et al., *Appellees.*

(204 P. 2d 729)

Opinion filed April 9, 1949.

*Roy N. McCue,* of Topeka, argued the cause, and *Max Jones* and *Charles G. Dockhorn,* both of Goodland, and *Howard F. McCue,* of Topeka, were with him on the briefs for the appellants.

*E. E. Kite,* of St. Francis, argued the cause and was on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: While the estate of John West, deceased, was being administered in the probate court of Sherman county some of his heirs at law filed objections to final settlement, charging the administrator had failed to properly collect and inventory assets of the estate and asking for the removal of such fiduciary and the appointment of another in his stead. These objections and requests were all overruled and denied and the probate court proceeded to close the estate. In due time the disgruntled heirs appealed to the district court from the decree of final settlement and from the order overruling the objections made prior to its rendition. Thereupon, Ora West, as administrator of the estate, moved to dismiss the appeal from probate court on jurisdictional grounds. This motion was overruled by the district court. Instead of acquiescing in such ruling and proceeding with the trial of the probate appeal on its merits the administrator served notice of appeal and now

insists that this court should determine whether the trial court's action in denying his motion was erroneous.

Thus it becomes immediately apparent the question of our jurisdiction in the case at bar, which we pause to note must be first determined before giving consideration to the merits of any appeal even though the parties themselves have not raised it (*Pulliam v. Pulliam*, 163 Kan. 497, 498, 183 P. 2d 220; *Asendorf v. Asendorf*, 162 Kan. 310, 176 P. 2d 535; *In re Gambrell*, 161 Kan. 4, 165 P. 2d 760; *Shively v. Burr*, 157 Kan. 336, 139 P. 2d 401; *Vrooman Co. v. Summer*, 110 Kan. 662, 205 Pac. 609), depends solely upon whether, under our code of civil procedure (G. S. 1935, 60-3302, 60-3303), the overruling of the motion to dismiss the appeal by the district court is to be regarded as a final order and therefore subject to appellate review.

The question now to be decided is neither new nor difficult of determination. Throughout the years this court has repeatedly held that it is without jurisdiction to entertain attempted appeals from district court orders denying motions to dismiss appeals from other tribunals for the reason that rulings of such character are not "final orders" within the meaning of that term as used in the two sections of the statute heretofore cited.

The foregoing rule has been followed and applied in numerous and divers situations down to and including the recent past, see *Anderson v. Higgins*, 35 Kan. 201, 10 Pac. 570, where the motion was to dismiss an appeal from a justice of the peace; *Montgomery Ward & Co. v. Ellis*, 152 Kan. 320, 103 P. 2d 817, where the motion was to dismiss an appeal from a city court; *Kansas State Highway Comm. v. Moore*, 166 Kan. 408, 201 P. 2d 652, and *Heiman v. State Highway Comm.*, 146 Kan. 315, 69 P. 2d 685, where the motions were to dismiss appeals from awards made in condemnation proceedings. It has likewise been steadfastly adhered to under many other conditions and circumstances in many other decisions, all of which, including those previously cited; are based upon the salutary principle that a ruling by a trial court on a motion which does not have the effect of terminating an action or foreclosing the parties thereto from thereafter asserting the matters therein sought to be determined never deprives any litigant of substantial rights but at the most merely postpones their final determination until after the trial court has been afforded an opportunity to proceed with and dispose of the cause upon its permit, e. g., *Maynard v. Bank*, 105

Kan. 259, 182 Pac. 542, where the motion was to dismiss for improper joinder; *Oil Co. v. Beutner,* 101 Kan. 505, 167 Pac. 1061, where the motion was to set aside service; *Edwards v. City of Neodesha,* 110 Kan. 492, 204 Pac. 708, where the motion was to dismiss the action as to certain parties; *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220, where the motion was to strike a petition from the files; and *Singleton v. State Highway Comm.,* 166 Kan. 406, 201 P. 2d 650, where the motion was to strike an appeal from an award of appraisers in a condemnation proceedings.

We are not, however, obliged to depend upon authorities dealing generally with the principle in order to arrive at a decision in the instant case. Similar conclusions have been reached in cases dealing specifically with the appealability of orders denying identical motions.

*In re Estate of Johnson,* 147 Kan. 12, 75 P. 2d 813, was a case where one phase of the appeal turned on the question whether a district court had erred in denying an executor's motion to dismiss an appeal from the probate court. In that action we held denial of such motion was not a final order and that an appeal to this court did not lie.

*In re Estate of Whittelsey,* 156 Kan. 157, 131 P. 2d 911, adheres to the same rule although the question came up in a different way. In that case the executors representing the estate had filed a motion in probate court to strike and dismiss a petition for the allowance of a demand against the estate on the ground the claim was barred by the statute of limitations. The probate court denied their motion but later disallowed the demand. The claimant appealed to the district court. There, the executors filed a motion to dismiss the appeal which was sustained. The claimant then appealed to this court, contending that the motion to dismiss filed in the district court was *res judicata* and binding on the executors for the reason the same questions had been determined by the adverse ruling in probate court on their motion to strike and dismiss, in which they had acquiesced by failing to appeal. We denied the contention, holding that an order overruling such a motion was not an order on which error could be predicated until final disposition of the cause.

That is not all. In *In re Estate of Grindrod,* 158 Kan. 345, 148 P. 2d 278, the appellants in this court had filed motions in the district court to dismiss an appeal from probate court based upon

the ground the district court had no jurisdiction of the subject matter. Their motions were overruled and they made no attempt to appeal. Later they lodged demurrers in the district court against a pleading filed by the appellee which raised the same jurisdictional questions. These demurrers were also overruled. On appeal to this court appellee argued that since the demurrers raised the identical questions which were determined by the orders overruling the motions to dismiss the appellants were precluded from having appellate review of the rulings on their demurrers because they had failed to appeal from the adverse rulings on their motions to dismiss. We rejected appellee's contention, holding that the orders denying the motions to dismiss the appeal were not final orders and therefore unappealable.

Of little import but nevertheless interesting to note is the fact that the two cases last mentioned were decided long after the effective date of the Kansas probate code. Thus any claim the new enactment has resulted in or requires a change of the established rule is obviated.

The decisions to which we have heretofore referred clearly demonstrate that the ruling of which appellant here complains is not now subject to appellate review. It follows the appeal in the instant case must be and it is hereby dismissed.