No. 37,763

WILLIAM MAUERSBERGER, Administrator of the Estate of Mary E. Schumacher, Deceased, and WILLIAM MAUERSBERGER, Guardian of the Estate of Louise Schumacher, an Insane Person, *Appellees*, v. BEN H. HALL, BELLE M. HALL, A. V. DEGRAW and TOM WARD, *Appellants*.

(213 P. 2d 640)

Opinion filed January 28, 1950.

*Charles Rooney*, of Topeka, argued the cause, and *Warden L. Noe*, of Holton, was with him on the briefs for the appellants.

*H. E. Crosswhite*, of Holton, argued the cause, and was on the briefs for the appellees.

The opinion of the court was delivered by

WEDELL, J.: This action was commenced by the guardian of the person and estate of an insane person to set aside a deed she had executed and for incidental relief.

The grantees were alleged to have promptly encumbered the property with a mortgage. The grantees, mortgagee and tenant on the property were made parties defendant. The action has not been tried. All defendants, except the tenant, have appealed from an intermediate order. Numerous procedural steps and rulings thereon made prior to the particular order complained of are not before us for review.

Mary E. Schumacher, the ward who executed the deed, died

intestate April 23, 1948. Her only heir at law was an insane daughter, Louise. William Mauersberger had been appointed guardian for the daughter in 1946 and was likewise appointed administrator for the estate of her deceased mother. William Mauersberger in the capacity of administrator and as guardian of the decedent's sole heir at law petitioned the district court to revive the action in the name of the administrator and such guardian.

Appellants appeared specially by motion to quash the service of notice for the hearing on the motion for revivor. The motion was predicated upon the grounds the motion for revivor, the notice and the summons did not comply with statutory requirements and particularly those contained in G. S. 1935, 60-3210.

On April 22, 1949, the court held a hearing on these motions, overruled appellants' motion and gave them time to answer the motion for revivor. Later on the same day and after a second hearing the court revived the action as of that date subject to an agreement of appellees which agreement is not determinative of the right of appeal in the instant case. The appeal is from the order of April 22, 1949, overruling appellants' motion to quash the service of the notice of hearing on the motion for revivor and from the order of revivor.

The parties discuss the merits of the appeal without regard to the question of our jurisdiction to entertain it. Where it clearly appears we do not have jurisdiction of an appeal we cannot entertain it although the parties neglect or see fit not to raise the question. (*In re Estate of West*, 167 Kan. 94, 204 P. 2d 729, and cases therein cited.)

No final judgment has been rendered. Until final judgment is rendered an appeal does not lie to reverse an order *refusing* to set aside service of summons. (*Oil Co. v. Beutner*, 101 Kan. 505, 167 Pac. 1061; *In re Estate of West*, supra, p. 96.)

In the recent case of *Singleton v. State Highway Comm.*, 166 Kan. 406, 201 P. 2d 650, we restated the frequently announced rule thus:

"A final order is one affecting a substantial right in an action when it in effect determines the action and prevents a judgment.

"An order *sustaining* any motion which results in dismissing an action has both effects mentioned in paragraph 1 and is appealable. An order *overruling* such a motion has neither of such effects and is not appealable." (Syl. ¶ 1, 2.)

In the case of *In re Estate of West*, supra, numerous decisions to the same effect were collected and carefully reviewed. In *Run-*

*nels v. Montgomery Ward & Co.*, 165 Kan. 571, 195 P. 2d 571, in which a special appearance was made to dismiss an action we held:

"The sole purpose of a special appearance by motion to dismiss an action is to challenge the jurisdiction of the court without the movant submitting himself to its jurisdiction.

"An order *overruling* a motion to dismiss an action does not constitute a final order within the meaning of G. S. 1935, 60-3302, 60-3303 and, prior to final judgment, is not appealable." (Syl. ¶ 1, 2.)

The order overruling appellants' motion in the instant case was neither a final order nor an intermediate appealable order under sections of our civil code. It follows the appeal must be dismissed. It is so ordered.