No. 38,290

ANN SHEAHAN, *Appellee,* v. THE KANSAS POWER & LIGHT COMPANY,
A Corporation, *Appellant.*.

(241 P. 2d 515)

Opinion filed March 8, 1952.

*Clayton E. Kline, M. F. Cosgrove, Balfour S. Jeffrey, Robert E. Russell, Willard N. VanSlyck, William B. McElhenny, Robert Stone, James A. McClure, Robert L. Webb, Ralph W. Oman* and *Robert A. McClure,* all of Topeka, were on the briefs for the appellant.

*Roy N. McCue* and *Howard F. McCue,* both of Topeka, were on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This is an action by a widow to recover for the death of her husband. The appeal is from an order of the trial court overruling motions of defendant to compel plaintiff to make her petition more definite and from another order striking certain allegations from defendant's answer.

The action arises out of the same explosion out of which arose *Lessley v. Kansas Power & Light Co.,* 171 Kan. 197, 231 P. 2d 239. Plaintiff's husband was a workman at the Tecumseh plant of defendant, employed by Sheahan & Degan, Inc., plumbers, which company had a contract with the defendant for the installation of plumbing in connection with the construction of a new addition to the Tecumseh plant of the defendant.

The petition alleged that on December 9, 1948, at about 3:20 p. m., while Sheahan was working at his trade at the plant in connection with the construction of a new building and the installation of new equipment therein, the entire plant being under control of defendant, explosions occurred in the plant exclusively under the control of defendant due to the accumulation of gas thereunder

and Sheahan was killed. The petition next alleged that the explosions were the result of the negligence of defendant. The prayer was for damages in the amount of $15,000.

To this petition defendant filed a motion to strike and to compel plaintiff to make more definite and certain. This was overruled.

On April 17, 1950, the defendant filed its answer. It was substantially identical with that filed by the same defendant in *Lessley v. Kansas Power & Light Co.,* supra. To this answer the plaintiff filed a motion to strike and to make definite and certain. This motion was sustained in the main and certain allegations were ordered stricken. We should note here, the same motion was directed at the answer of the defendant in the Lessley case. The only difference is, in this case the trial court, before which the action was pending, sustained the motion to strike and in the Lessley action another trial court overruled it. The plaintiff in the Lessley case appealed and the appeal reached us before this one did.

Actually in each case the plaintiff attempted to allege a cause of action under the common law, pursuant to G. S. 1949, 44-503, same being a section of the workmen's compensation act. The defendant in its answer in this case set out its corporate powers, the nature of its business; that the construction of the new plant was a part of its trade and business; that it was necessary to keep the plant in operation while the construction work was going on, and generally that under all the surrounding facts and circumstances Sheahan was under the workmen's compensation law; that the accident causing his death arose out of and in the course of this employment and hence no cause of action under the common law accrued. The contract between the Missouri Valley Construction Company and Sheahan and Degan, pursuant to which plaintiff's husband was working, was also pleaded and a copy attached. These allegations the trial court ordered stricken from the answer. In the Lessley case the answer contained similar or identical allegations. A similar motion was made in that case and overruled.

It will be seen the defendant in each case raised and pleaded the defense that the remedy of a workman injured in that particular explosion was to make a claim under the workmen's compensation act rather than by a common law action.

After the motion of plaintiff in the Lessley case to strike was overruled, the plaintiff filed a reply. Thereupon the defendant filed a motion for judgment on the pleadings. This motion was sustained.

In the appeal we examined the contract between Lessley's employer, Dougherty Company, Inc., and the general contractor, pursuant to which Lessley was employed and working at this plant, considered all the surrounding facts and circumstances and held that Lessley was under the compensation act and did not have a common law right of action.

We did not have the benefit of a brief on the part of plaintiff when this appeal was submitted. The defendant appellant after stating the facts saw fit to rely on *Lessley v. Kansas Power & Light Co.*, supra. In the Lessley case counsel for appellee in this case secured permission from us to file and did file a brief amicus curiae. In the absence of a brief on the merits when this appeal was submitted, we obtained that brief from the files and once again gave it careful study.

In that brief counsel for the appellee here stated that the final determination of the rights of the plaintiff there might be affected or determined by our holding in the Lessley case.

The appellee in this appeal filed a motion to dismiss on the ground that the order from which the appeal was taken was not appealable. A ruling on this motion was passed to be taken up with the merits. Sometime after this appeal was submitted counsel did furnish us a brief, not on the merits, but wholly on her motion to dismiss the appeal. In this brief counsel recognized the rule, that an order striking matter from an answer is appealable where the effect of the order is to deprive the defendant of a defense. They argue, however, that sufficient allegations were left in the answer so that the defendant could prove the defense that the parties were under the workmen's compensation act and hence plaintiff could not bring a common law action. In *Lessley v. Kansas Power & Light Co.*, supra, we pointed out in our opinion that the trial court there had refused to strike these same allegations from the answer. One of the points raised and argued by the plaintiff was the trial court erred in this refusal. We first pointed out the rule announced in *Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469. There we said:

"Motions to strike, to make definite and certain, and to separately state and number, rest in the sound discretion of the trial court, and from rulings thereon an appeal does not ordinarily lie. Unless it appears the ruling affects a substantial right and in effect determines the action it is not appealable."

Here the converse is the case. If it appears that the language stricken would prejudice the defendant in making its defense then

the order is appealable. In the Lessley case we proceeded to point out that the objectionable language was left in the answer and not denied by the plaintiff. Subsequently the defendant's motion for judgment on the pleadings was sustained. On appeal we considered all the provisions of the contract between the parties and the relationship of the plaintiff to both his employee and the defendant, all as set out in the pleadings. No reason appears why the allegations in the answer in this case should have been stricken other than the argument that the defense, that the parties were under the workmen's compensation act, was not available to defendant. That was the question ruled on when the trial court ordered it stricken. Under all the surrounding facts and circumstances we cannot hold that the striking of this matter from the answer did not prejudice the substantial rights of defendant.

It follows the order of the trial court striking these allegations from the answer was appealable.

This appeal is controlled by *Lessley v. Kansas Power & Light Co.*, supra.

The judgment of the trial court is reversed with directions to enter judgment for the defendant.

SMITH, J. (dissenting): I have not changed my views since the *Lessley v. Kansas Power & Light Co.* case was decided. Hence I dissent.