No. 39,517

In the matter of the petition of the WESTERN LIGHT AND TELEPHONE COMPANY, INCORPORATED, *Appellee,* v. HENRY TOLAND, *Appellant.*

(277 P. 2d 584)

Opinion filed December 11, 1954.

*M. C. Bucklin* and *George Barrett,* both of Pratt, argued the cause, and *B. V. Hampton, Bill Murray,* and *Richard Barrett,* all of Pratt, were with them on the briefs for the appellant.

*Riley W. MacGregor,* and *John W. MacGregor,* both of Medicine Lodge, argued the cause, and *Vernon F. Coss,* of Medicine Lodge, was with them on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: This was a proceeding in condemnation instituted by the Western Light and Telephone Company, to construct an electric transmission line over the land of Henry Toland.

The initial proceedings were conducted pursuant to the provisions of G. S. 1949, 26-101. On the instant appeal by the landowner to this court no question is raised concerning the legality of the initial proceedings, including the appointment of appraisers to determine the damage to the land. The appraisers filed their report with the clerk of the district court. The condemner was dissatisfied with the appraisement and complied with the provisions of laws 1953, chapter 200, section 1 (G. S. 1953 Supp. 26-102) in order to perfect an appeal from the award of the appraisers. The condemner filed a verified declaration or statement of the sum of money estimated by it to be full compensation for the land taken. It deposited with the clerk of the court the amount of money fixed by the award of the appraisers.

Thereupon the landowner filed his motion to dismiss the condemner's appeal and for an order directing the clerk to pay to the landowner the amount allowed by the appraisers. The motion, in substance, was: The appeal was taken pursuant to the provisions of G. S. 1953 Supp. 26-102 and that the appeal statute was void in that it violated and contravened the fifth amendment, section 1 of the fourteenth amendment, both of the constitution of the United States, and section 4, article 12, of the constitution of the state of Kansas; the condemner had entered upon the real property, erected structures, and completed a transmission line over and across said land; that by reason of such acts the landowner was entitled to the compensation fixed by the appraisers, and that the condemner was estopped from denying the right of the landowner to claim the entire award of the appraisers.

The district court *sustained* that part of the motion which sought an order directing the clerk to pay to the landowner the amount deposited by the condemner and ordered it paid to him. It *overruled* the landowner's motion to dismiss the appeal from the award of damages. The landowner appeals from the order of the district court *overruling* his motion to dismiss the condemner's appeal from the award of damages made by the appraisers.

From what has been said it is clear no trial pertaining to the amount of damages sustained by the landowner has been had and that no final judgment has been rendered on that subject.

An order *sustaining* a motion to dismiss an appeal from an award made by appraisers in a condemnation proceeding is a final and an appealable order under the provisions of G. S. 1949, 60-3302; 60-3303. Such an order speaks with finality. It ends the proceeding. An order *overruling* such a motion does not have that effect. It is not a final order and, prior to final judgment, is not appealable. (*Heiman v. State Highway Comm.*, 146 Kan. 315, 69 P. 2d 685; *Singleton v. State Highway Comm.*, 166 Kan. 406, 201 P. 2d 650; *Kansas State Highway Comm. v. Moore*, 166 Kan. 408, 201 P. 2d 652.) The rule has been applied in a great variety of cases. A few of them are: *In re Estate of Grindrod*, 158 Kan. 345, 148 P. 2d 278; *Maichel v. Coleman*, 167 Kan. 93, 204 P. 2d 731; *In re Estate of West*, 167 Kan. 94, 204 P. 2d 729; *In re Estate of Hilliard*, 170 Kan. 617, 228 P. 2d 536.

It repeatedly has been held, also, that it is the duty of this court to determine whether it has acquired jurisdiction to en-

tertain an appeal even though, as here, the question has not been raised by either party. (*Shively v. Burr,* 157 Kan. 336, 139 P. 2d 401; *In re Estate of West,* supra, and *In re Estate of Hilliard,* supra, and cases therein cited.) Parties may not by mutual consent, or by failure to object, confer jurisdiction on an appellate court which it cannot, under admitted facts and circumstances, legally acquire.

The appeal to this court must be dismissed. It is so ordered.