No. 40,488

In the Matter of the Partnership Estate of John Sherk, Deceased, and Wayne Sherk, Partners, Doing Business under the Firm Name and Style of Sherk's Auto Supply. (OPAL E. SHERK, Administratrix of the Estate of John Sherk, Deceased, *Appellant* and *Cross-Appellee*, v. WAYNE SHERK, Surviving Partner and Administrator of the Partnership Estate of John Sherk, Deceased, and Wayne Sherk, Partners, Doing Business under the Firm Name and Style of Sherk's Auto Supply, *Appellee* and *Cross-Appellant*.)

(310 P. 2d 899)

Opinion filed May 11, 1957.

*Justus N. Baird,* of Kansas City, argued the cause and *George W. Thomas,* of Kansas City, was with him on the briefs for the appellant and cross-appellee.

*William E. Carson,* of Kansas City, argued the cause and *Clarence C. Chilcott* and *Preston Forsee,* both of Kansas City, were with him on the briefs for the appellee and cross-appellant.

The opinion of the court was delivered by

HALL, J.: This is an appeal from an order of the district court overruling the motion to strike from the files a petition filed in probate court.

On or about the second day of February, 1955, Opal E. Sherk, appellant and cross-appellee herein, filed her petition in the probate court of Wyandotte County, Kansas, alleging that John Sherk died intestate as a resident of Wyandotte County, that she was his sur-

viving spouse and sole heir at law and that she be appointed administratrix of his estate. She was duly appointed.

On the 5th day of April, 1955, Wayne Sherk, appellee and cross-appellant herein, filed a petition in the probate court asking that Opal E. Sherk be discharged as administratrix and to probate an alleged lost or concealed will of decedent John Sherk. The court denied his petition.

On the same day, April 5, 1955, Wayne Sherk also filed a verified petition in a separately docketed action in the probate court of Wyandotte County entitled "In The Matter of the Partnership Estate of John Sherk, Deceased, and Wayne Sherk, Partners, doing business under the Firm Name and Style of Sherk's Auto Supply." In this petition Wayne Sherk alleged that John Sherk the decedent was his brother and that a partnership had existed between them since 1935 and that substantially all the assets of the estate of John Sherk belonged to the partnership. The petitioner further alleged that the partnership was dissolved by the death of John Sherk and prayed "that this court find and determine that a partnership existed between your petitioner and the said John Sherk; . . ." and that the petitioner as surviving partner be permitted to continue the operation of the business and administer all the partnership estate.

To the petition of Wayne Sherk, Opal E. Sherk filed a motion to quash for the reason that the probate court was "without jurisdiction to determine the existence or nonexistence of a partnership in a separate action filed therein," and for the further reason "that the existence or nonexistence of a partnership, if not admitted, is an action for the jury in a proper court."

The court overruled the motion to quash.

Opal E. Sherk then filed an answer to the petition and the matter went to hearing. At the conclusion of the hearing she filed a demurrer which was overruled and judgment was entered finding that a partnership existed and that Wayne Sherk be appointed, take oath and post bond to administer the partnership estate.

Opal E. Sherk then appealed to the District Court of Wyandotte County from the judgment of the probate court. After filing notice of appeal and obtaining service, Opal E. Sherk then filed in the District Court of Wyandotte County a "motion to strike from the files the petition filed by Wayne Sherk in the above matter." In this motion Opal E. Sherk moved the court to strike the petition for the following reasons:

"First. It is within the equitable jurisdiction of the District Court to determine the existence or nonexistence of a Partnership, and if the facts are in dispute it becomes a question for the jury to determine.

"Second. That the Probate Court was without jurisdiction in a separate action such as case number 30738 (the partnership petition), to determine the existence or nonexistence of a partnership and to determine the title to personal property and real estate, and to hear and determine the issues alleged in said petition of Wayne Sherk."

The district court overruled the motion to strike the petition; hence this appeal.

Appellant raises only this question on appeal:

"Did the Probate Court have power and jurisdiction to hear and determine the issues alleged in the petition of Wayne Sherk filed in the separate action number 30-738 filed in the Probate Court?"

Appellee challenges the right of Opal E. Sherk to be heard on this appeal and cross appeals on the failure of Opal E. Sherk to provide proper bond as administratrix of the estate of John Sherk, deceased.

Before the merits of this appeal may be considered, the jurisdiction of this court to hear it must be determined. While neither party to this appeal raises the point, the jurisdictional question to be determined is whether appellant has an appealable order before the court under the provisions of G. S. 1949, 60-3302 and 60-3303.

The established rule in this jurisdiction is that motions to quash, dismiss, strike and make definite and certain rest in the sound discretion of the trial court, and orders overruling such motions are not appealable under G. S. 1949, 60-3302 and 60-3303 unless they are final, affect a substantial right, or, in effect, determine the action. (*Brown v. Kimble*, 5 Kan. 80; *Montgomery Ward & Co. v. Ellis*, 152 Kan. 320, 103 P. 2d 817; *St. Paul Fire & Marine Ins. Co. v. Bender*, 153 Kan. 752, 113 P. 2d 1062; *Hudson v. Hudson*, 142 Kan. 358, 46 P. 2d 882; *Pulliam v. Pulliam*, 163 Kan. 497, 183 P. 2d 220; *Singleton v. State Highway Comm.*, 166 Kan. 406, 201 P. 2d 650; *Nelson v. Schippel*, 143 Kan. 546, 56 P. 2d 469; *LaHarpe Fuel Co. v. City of Iola*, 152 Kan. 445, 448, 105 P. 2d 900; *Gibson v. Bodley*, 156 Kan. 338, 133 P. 2d 112; *Estes v. Tobin Construction Co.*, 159 Kan. 322, 153 P. 2d 939; *Giltner v. Stephens*, 163 Kan. 37, 42, 180 P. 2d 288; *Atkinson v. Sowersby*, 165 Kan. 678, 683, 198 P. 2d 158; *Hill v. Hill*, 168 Kan. 639, 640, 215 P. 2d 159; *Krey v. Schmidt*, 170 Kan. 86, 223 P. 2d 1015; *Sheahan v. Kansas Power & Light Co.*, 172 Kan. 399, 241 P. 2d 515; *Marchant v. Layton*, 173 Kan. 341, 245 P. 2d 973;

*Vogt v. Drillers Gas Co.,* 178 Kan. 146, 283 P. 2d 442; *City of Mc-Pherson v. Smrha,* 179 Kan. 59, 293 P. 2d 239; *Boettcher v. Criscione,* 180 Kan. 39, 299 P. 2d 806; *Fogo, Administratrix, v. Steele,* 180 Kan. 326, 304 P. 2d 451.)

This court may and has the duty to raise and determine its jurisdiction to hear an appeal and may dismiss the appeal although the parties have not raised the issue. (*Vrooman Co. v. Summer,* 110 Kan. 662, 205 Pac. 609; *Shively v. Burr,* 157 Kan. 336, 139 P. 2d 401; *In re Gambrell,* 161 Kan. 4, 165 P. 2d 760; *Asendorf v. Asendorf,* 162 Kan. 310, 176 P. 2d 535; *Pulliam v. Pulliam,* supra; *Palmer v. Helmer,* 159 Kan. 647, 157 P. 2d 531; *In re Estate of West,* 167 Kan. 94, 204 P. 2d 729; *Kowing v. Douglas County Kaw Drainage Dist.,* 167 Kan. 387, 207 P. 2d 457; *In re Estate of Hilliard,* 170 Kan. 617, 228 P. 2d 536; *Willey v. Gas Service Co.,* 177 Kan. 615, 281 P. 2d 1092.)

A leading Kansas case is *Pulliam v. Pulliam,* supra. 1 A. L. R. 2d 418 contains an exhaustive annotation based on the law of this case.

In holding that the overruling of a defendant's motion to strike a petition is not an appealable order, the court stated the rule as follows:

"Our code of civil procedure specifies the particular matters on which a trial court's rulings will furnish a basis for an appeal (G. S. 1935, 60-3302). Resort to its provisions does not reveal that an order overruling a motion to strike is one of them. Clearly the motion to strike does not involve the merits of the action or any part thereof. It cannot be construed as a demurrer for we have held that an alleged defect in the affidavit verifying a divorce petition cannot be reached by demurrer (*Warner v. Warner,* 11 Kan. 121). Neither can it be regarded as the equivalent of a demurrer for if so treated it must, of course, concede the facts alleged in the pleading which if accepted as true unquestionably state a cause of action for divorce. Nor can the order overruling the motion be held to be a final order, the only other ground specified in the statute of possible application, not heretofore mentioned, which authorizes an intermediate appeal. True enough, we have held that an order striking a petition from the files is a final order and therefore appealable (*Hicks v. Parker,* 148 Kan. 679, 84 P. 2d 905; *Dwinnell v. Acacia Mutual Life Ins. Co.,* 155 Kan. 464, 126 P. 2d 221). The reason for the rule announced in the decisions just cited is so obvious as almost to preclude the necessity of commenting upon it. When a motion to strike is sustained the plaintiff's right to proceed with the cause on its merits is wiped out with the result the ruling is to all intents and purpose a final order for which the code gives a right of appeal. But the converse of such ruling has no such consequence. The overruling of a like motion does not determine the action or prevent a judgment. It not only leaves the defendant free to conduct his defense but also permits him after the cause has been tried upon its merits to present alleged trial errors and irregularities on final appellate review." (p. 498.)

In this case the order of the district court overruling the motion to strike the petition from the files of the probate court was not a final order and did not determine the rights of the parties to the action. The motion cannot be construed as a demurrer because there was no petition in the district court against which a demurrer could be considered. The order overruling the motion to strike is not an appealable order under the law and comes squarely within the above rule.

The Probate Code, G. S. 1949, 59-2401 to 59-2409 adequately provides for appeals to the district court on questions of jurisdiction. From the record before us it does not appear that either of the parties to this action at any time ever requested the probate court to certify or transfer this matter to the district court on the question of jurisdiction as provided by Section 59-2402 of the Code.

Under these circumstances the other contentions of the parties to this appeal need not be considered.

The appeal is dismissed.