No. 40,770

In re Estate of U. E. Sims, Deceased. (OSCAR BREWER, as Executor of Last Will and Testament of U. E. Sims, Deceased, and SOUTH-WESTERN COLLEGE, *Appellants,* v. GEO. W. STANLEY, JOHN KEELY and S. L. WILSON, *Appellees.*)

(321 P. 2d 185)

Opinion
filed January 25, 1958.

*George Templar*, of Arkansas City, argued the cause and *Earle N. Wright* and *Ted M. Templar*, both of Arkansas City, were with him on the briefs for the appellants.

*Robert Martin*, of Wichita, argued the cause and *George B. Collins, Oliver H. Hughes, K. W. Pringle, Jr., W. F. Schell, Thomas M. Burns, George R. Docking*, all of Wichita, and *Geo. W. Stanley, D. Arthur Walker, Norman M. Iverson*, all of Arkansas City, were with him on the briefs for the appellees.

The opinion of the court was delivered by

HALL, J.: This is an appeal from orders overruling a motion to dismiss and a motion for judgment on the pleadings.

This action was originally instituted in the Probate Court of Cowley County, Kansas. An appeal was taken from the probate court to the district court; hence this appeal from the above orders of the district court.

U. E. Sims and Sarah C. Sims, husband and wife, were residents of Cowley County, Kansas. On the 19th day of March, 1952, they executed separate wills and each attached to the other's will a written consent and election to take under the will.

U. E. Sims died testate on the 5th day of July, 1955. On the 20th day of July his surviving spouse Sarah C. Sims petitioned the probate court to admit to probate the will of U. E. Sims. She also renounced her right of appointment as executrix as provided by the will and asked the court to appoint the alternate executor named in the will, Oscar Brewer. The will and her written consent and election to take were filed on July 20th with the petition.

On the 19th day of August, 1955, the probate court admitted the will of U. E. Sims to probate and further admitted to probate with the will the consent and election of Sarah C. Sims.

On the 23rd day of January, 1956, a petition was filed in the probate court by George W. Stanley, attorney at law, asking the court to revoke, set aside and hold for naught the election of Sarah C. Sims to take under the will of U. E. Sims previously admitted on August 19, 1955. Attached to the petition was a revocation of the consent and election to take under the will and a new election to take under the law, allegedly executed by Sarah C. Sims on the 18th day of August, 1955.

This petition of George W. Stanley's further alleged that Sarah C. Sims had died on September 12, 1955; that the petitioner Stanley

had filed for probate the last will and testament of Sarah C. Sims; and that the heirs, devisees and legatees of Sarah C. Sims joined in, ratified, approved and confirmed the petition filed by Stanley.

Written defenses to the petition of George W. Stanley were filed in the probate court by Oscar Brewer the executor of the will of U. E. Sims.

On the 23rd day of February, 1956, the petition of George W. Stanley and the written defenses thereto came on for hearing in the probate court. On the 27th day of March, 1956, the court made and entered its judgment on the petition. The court refused to revoke, set aside and hold for naught the consent of Sarah C. Sims which it had appproved on August 19, 1955, and made its order accordingly.

On the 20th day of April, 1956, John Keely and S. L. Wilson, by their attorneys George W. Stanley and others, appealed from the probate court to the district court the order of the probate court of August 19, 1955, admitting to probate the will of U. E. Sims. The notice of appeal recited that it was taken pursuant to the authority of G. S. 1949, 59-2404, which provides that an appeal may be taken within nine (9) months from an order admitting, or refusing to admit, a will to probate.

On the same date John Keeley and S. L. Wilson, by their attorneys George W. Stanley and others, also appealed from the probate court to the district court the order and judgment of the probate court made on the 27th day of March, 1956, refusing to revoke, set aside and hold for naught the consent of Sarah C. Sims approved on August 19, 1955.

On the 5th day of February, 1957, the district court heard the motions and applications of Southwestern College of Winfield, Kansas; the Board of Trustees of the First Methodist Church of Scott City, Kansas; and Asbury Theological Seminary, beneficiaries under the will of U. E. Sims, to file written defenses to the petition of George W. Stanley. Pursuant to the order the written defenses were filed in the district court.

Thereafter the respondents and appellants here, Southwestern College and Oscar Brewer as executor of the will of U. E. Sims, moved for judgment on the pleadings and to dismiss the petition of George W. Stanley.

Appellants moved to dismiss the petition on the grounds that the petitioner George W. Stanley was not the real party in interest

and could not have been authorized or entitled to institute or maintain this proceeding.

The appellants moved for judgment on the pleadings on the grounds that the petitioner George W. Stanley had no legal capacity to sue, was not the real party in interest, and that the petition did not state facts sufficient to constitute a cause of action.

The court overruled the motions but in so doing treated them as being tantamount to a demurrer. The sole specification of error on appeal is the overruling of the motions.

At the outset we are confronted with the question whether an appeal lies from the orders of the court overruling the motions.

Appellees raised but did not stress the point in their brief or oral argument. However, it is the rule of appellate procedure that it is the duty of this court to determine any jurisdictional question whether or not it is raised by the parties to the proceedings. (*In re Estate of West*, 167 Kan. 94, 204 P. 2d 729; *Sullivan v. Paramount Film Distributing Corp.*, 168 Kan. 524, 213 P. 2d 959; *Sherk, Administratrix v. Sherk*, 181 Kan. 297, 310 P. 2d 899.)

Section 60-3302, G. S. 1949, dealing with the jurisdiction of this court, is in part as follows:

"The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, or of any other court of record, except a probate court. *First*—A final order. *Second*—An order that . . . sustains or overrules a demurrer. *Third*—An order that involves the merits of an action, or some part thereof. . . ."

The next section (60-3303) defines a final order as:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment. . . ."

Are orders of the district court overruling a motion for judgment on the pleadings and a motion to dismiss appealable under these provisions of the statute?

The general rules governing both motions have been written many times.

An order overruling a motion for judgment on the pleadings is appealable only when it can be said on the record that such motion is tantamount to a demurrer. Where issuable facts are joined by the pleadings a motion for judgment thereon is not

tantamount to a demurrer and an order overruling it is not appealable. *(Sullivan v. Paramount Film Distributing Corp.,* supra; *Diehn v. Penner,* 173 Kan. 41, 244 P. 2d 215; *Talbott v. Farmers Union Co-op Elevator,* 174 Kan. 435, 256 P. 2d 856; *Buechner v. Trude,* 175 Kan. 572, 266 P. 2d 267; *Vandegrift v. City of Wichita,* 176 Kan. 141, 269 P. 2d 477; *Edwards v. Solar Oil Corp.,* 178 Kan. 218, 284 P. 2d 589; *Barnhouse v. Rowe,* 178 Kan. 248, 284 P. 2d 618; *Geier v. Eagle-Cherokee Coal Mining Co.,* 181 Kan. 567, 313 P. 2d 731; *Hill v. Lake,* 182 Kan. 127, 318 P. 2d 1050.)

The Kansas cases are collected and analyzed in 14 A. L. R. 2d 458.

The rationale of the rule, is simply that when the motion for judgment on the pleadings is construed as a demurrer the order overruling it becomes appealable under the provisions of G. S. 1949, 60-3302.

On motions the established rule in this jurisdiction is that motions to quash, dismiss, strike and make definite and certain rest in the sound discretion of the trial court, and orders overruling such motions are not appealable under G. S. 1949, 60-3302 and 60-3303 unless they are final, affect a substantial right, or, in effect, determine the action. *(Brown v. Kimble,* 5 Kan. 80; *Montgomery Ward & Co. v. Ellis,* 152 Kan. 320, 103 P. 2d 817; *St. Paul Fire & Marine Ins. Co. v. Bender,* 153 Kan. 752, 113 P. 2d 1062; *Hudson v. Hudson,* 142 Kan. 358, 46 P. 2d 882; *Pulliam v. Pulliam,* 163 Kan. 497, 183 P. 2d 220; *Singleton v. State Highway Comm.,* 166 Kan. 406, 201 P. 2d 650; *Nelson v. Schippel,* 143 Kan. 546, 56 P. 2d 469; *LaHarpe Fuel Co. v. City of Iola,* 152 Kan. 445, 448, 105 P. 2d 900; *Gibson v. Bodley,* 156 Kan. 338, 133 P. 2d 112; *Estes v. Tobin Construction Co.,* 159 Kan. 322, 153 P. 2d 939; *Giltner v. Stephens,* 163 Kan. 37, 42, 180 P. 2d 288; *Atkinson v. Sowersby,* 165 Kan, 678, 683, 198 P. 2d 158; *Hill v. Hill,* 168 Kan. 639, 640, 215 P. 2d 159; *Krey v. Schmidt,* 170 Kan. 86, 223 P. 2d 1015; *Sheahan v. Kansas Power & Light Co.,* 172 Kan. 399, 241 P. 2d 515; *Marchant v. Layton,* 173 Kan. 341, 245 P. 2d 973; *Vogt v. Drillers Gas Co.,* 178 Kan. 146, 283 P. 2d 442; *City of McPherson v. Smrha,* 179 Kan. 59, 293 P. 2d 239; *Boettcher v. Criscione,* 180 Kan. 39, 299 P. 2d 806; *Fogo, Administratrix, v. Steele,* 180 Kan. 326, 304 P. 2d 451; *Wichita Chamber of Commerce v. State Corporation Commission,* 179 Kan. 386, 295 P. 2d 670; *In re Estate of Hilliard,* 170 Kan. 617, 228 P. 2d 536; *Western Light & Telephone Co. v. Toland,* 177 Kan. 194, 277 P. 2d 584.)

The district court found that the motions to dismiss and for judgment on the pleadings were tantamount to a demurrer. If the finding is substantiated by the record the orders would be appealable.

Of course, the finding of the trial court that the motions were tantamount to a demurrer is not binding on this court.

For a motion for judgment on the pleadings to be tantamount to a demurrer the record must show no issuable facts joined by the pleadings.

In our opinion the record here shows an abundance of issuable facts. The petition of George W. Stanley alleges *inter alia* that the original consent signed by Sarah C. Sims was not read to her and she was not given an opportunity to read it; that the will was not explained to her and she did not have sufficient information to understand its terms and their effect; that she was led to believe U. E. Sims made provision for his property different from those which appeared in the will; that she was ignorant of her rights under the law; that Sarah C. Sims executed a revocation of this election and an election to take under the law and not under the will; that she discovered these facts and the true contents of the will before the hearing admitting it to probate and that it was presented and admitted without her consent and authority; and that no inventory and appraisement was ever filed in the estate.

All of these facts are controverted by the written defenses of Oscar Brewer, Southwestern College, the Board of Trustees of the First Methodist Church of Scott City and Asbury Theological Seminary.

In addition these respondents and appellants deny the capacity of the petitioner George W. Stanley to sue and plead issuable facts in support of their defense.

When considered as tantamount to a demurrer the allegations of the petition must be taken as true. The trial court was bound to take the pleadings as they found them and we must do likewise on appeal.

There is nothing on the face of the petition by which this court could say the petitioner had no legal capacity to sue, was not the real party in interest, or that the petition did not state facts sufficient to constitute a cause of action.

In our opinion the motion to dismiss does not in any way involve the merits of the action or any part thereof. The overruling of the motion does not determine the action or prevent a judgment. It

not only leaves appellants free to conduct their defense but also permits them after the cause has been tried upon its merits to present alleged trial errors and irregularities on final appellate review.

The motion to dismiss cannot be construed as a demurrer or regarded as the equivalent of a demurrer. If so treated it must, of course, also concede the facts alleged in the petition. Here again there is nothing on the face of the petition that the petitioner was not the real party in interest and had no legal capacity to sue.

The orders overruling the motions are not appealable and this court has no jurisdiction to entertain the appeal.

There is the further point in this case that to take jurisdiction of these motions on appeal does violence to the rules of procedure on matters originating in the probate courts.

Under the provisions of G. S. 1955 Supp., 59-2402a it provides that when a petition shall be filed in the probate court, *inter alia*, to admit a will to probate any interested party may request the transfer of such matter to the district court. This court has held that the filing of motions and demurrers to such a petition is improper for the reason that the probate code provides only for written defenses. (*In re Estate of Fast*, 170 Kan. 352, 225 P. 2d 1056; *In re Estate of O'Leary*, 180 Kan. 419, 304 P. 2d 547.)

In the O'Leary case the appellants asked for the transfer of the petition of appellee to the district court under G. S. 1955 Supp., 59-2402a. The transfer to the district court was ordered and the appellants filed a motion to make the petition more definite and certain. This motion was overruled. Appellants did not file an answer but demurred instead. The court said:

"A search of the probate code does not reveal any provision for the filing of motions or demurrers to a petition such as the one here involved. The code provides only for *written defenses*. We have no hesitancy in concluding the motion and demurrer were improper in this proceeding. (*In re Estate of Fast*, 170 Kan. 352, 225 P. 2d 1056.)" (p. 422.)

In the case at bar written defenses had been filed to the petition before the motions were made. These facts make a much stronger case for the application of the rule and the same rule would apply where an appeal is taken under the provisions of G. S. 1949, 59-2401.

Appellants contend that G. S. 1949, 59-2408 is applicable. This section provides that the district court in hearing and determining appeals from the probate court shall have and exercise the same

jurisdiction and power as though the controversy had been commenced in that court and as though that court would have had original jurisdiction.

Appellants also cite in support thereof our decisions construing this section of the statute. (*In re Estate of Michaux,* 171 Kan. 417, 233 P. 2d 510; *In re Estate of Crump,* 161 Kan. 154, 166 P. 2d 684; *Egnatic v. Wollard,* 156 Kan. 843, 137 P. 2d 188; *Foss v. Wiles,* 155 Kan. 262, 124 P. 2d 438; *Yeager v. Yeager,* 155 Kan. 734, 129 P. 2d 242.)

The sections are in harmony. Section 59-2408 applies equally to appeal, certification or transfer to the district court. The authorities cited by appellants under the section are not applicable to the motions under review here.

The appeal is dismissed. It is so ordered.