No. 41,734

Esther M. Cheney, *Appellee,* v. Wayne B. Cheney, *Appellant.*

(352 P. 2d 959)

Opinion filed June 11, 1960.

*John Staley Holden,* of Cimarron, argued the cause and was on the briefs for appellant.

*Bert J. Vance,* of Garden City, argued the cause, and *A. M. Fleming,* of Garden City, and *Charles H. Fleming,* of Scott City, were with him on the briefs for appellee.

The opinion of the court was delivered by

Wertz, J.: This was a proceeding growing out of a divorce action in which the wife, Esther M. Cheney, plaintiff (appellee), had been granted a divorce, custody of the minor children and child support.

On November 15, 1956, the husband, Wayne B. Cheney, defendant (appellant), was found guilty of contempt and sentenced to one year in the county jail for failure to comply with the previous order of the lower court. He was paroled on the condition that he keep up the child support payments and not molest the plaintiff or her parents.

On June 8, 1959, defendant assaulted his former father-in-law, and was at the time delinquent in his payments for child support. Plaintiff subsequently filed a motion in the divorce action asking the trial court to cite defendant for contempt and to revoke his parole granted in 1956. Notice of the hearing upon the motion was served by mail upon defendant in Texas. On the date set for hearing defendant made no personal appearance but appeared by his attorney, who filed a motion to quash the service of the order upon defendant in Texas and for an absolute discharge from his 1956 parole. The motion to quash was overruled. At the hearing on plaintiff's motion evidence was introduced as to defendant's assault

of his former wife's father and his delinquency in the child support payments in violation of the trial court's previous order. At the conclusion of the evidence the court ordered that a citation for contempt be issued directing that defendant be brought before it (G. S. 1949, Ch. 20, Art. 12) and that the matter of the revocation of defendant's parole or his discharge therefrom be taken under advisement and be decided on its merits after defendant had a full opportunity to be heard.

Defendant appeals from the order overruling his motion to quash service upon him and the order refusing to discharge him from his parole.

We are first confronted with the question of whether the orders from which the appeal is taken are appealable.

At the outset it may be stated that an order overruling a motion to quash service of summons does not determine the action or prevent a judgment. It is not a final order, and a separate and independent appeal therefrom does not lie. (*Standard Steel Works v. Crutcher-Rolfs-Cummings, Inc.,* 176 Kan. 121, 269 P. 2d 402; *Fogo, Administratrix, v. Steele,* 180 Kan. 326, 304 P. 2d 451; *Mauersberger v. Hall,* 168 Kan. 516, 213 P. 2d 640.)

Our jurisdiction to reverse, vacate and modify an order of the district court is found in G. S. 1949, 60-3302. The part applicable to this case provides: "The supreme court may reverse, vacate or modify any of the following orders of the district court or a judge thereof, . . . *First*—A final order. . . ."

Section 60-3303 defines the term "final order." It reads: "A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, and an order affecting a substantial right, made in a special proceeding or upon a summary application in an action after judgment. . . ."

G. S. 1949, 20-1205 provides that in contempt proceedings an appeal can be taken from any judgment of conviction.

A review of the record discloses the trial court did nothing more than order that the defendant be brought before it. He has not been arrested or tried upon any contempt charge nor has he been found guilty of any such charge. The court did not revoke defendant's parole or refuse to discharge him therefrom. In fact, the lower court stated it would not make any final decision on the

matter of the revocation of defendant's parole until he was present and had a full opportunity to be heard. It is apparent the trial court made no final order. We have repeatedly held that for an order of the trial court to be final and appealable, it must be such an order as would result in the final determination of the action. (*Miller v. Rath,* 173 Kan. 192, 244 P. 2d 1213; *Vogt v. Drillers Gas Co.,* 178 Kan. 146, 283 P. 2d 442.) The appeal is dismissed.

It is so ordered.