No. 38,128

JOHN BECK, *Appellant*, v. PHILIP BILLARD POST No. 1650 OF THE VETERANS OF FOREIGN WARS, a corporation, *Appellee*.

(226 P. 2d 840)

Opinion filed January 27, 1951.

*David Prager,* of Topeka, argued the cause, and *Edward Rooney* and *Jacob A. Dickinson,* both of Topeka, were with him on the briefs for the appellant.

*James E. Smith,* of Topeka, argued the cause, and C. P. *Schenck* and *Edward E. Sondker,* both of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY C. J.: This was an action for damages for personal injuries alleged to have resulted from the negligence of defendant. The appeal is from an order of the trial court sustaining defendant's motion to strike a part of the plaintiff's reply.

While other questions are discussed in the briefs our first question is to determine our jurisdiction, that is, is the appeal from an appealable order? We summarize the pleadings to the extent necessary to pass upon that question. In the amended petition it was alleged that on April 9, 1947, plaintiff attended as a paying patron "a stag floor show" promoted and held by defendant for profit in a dance hall at a described location; that when he entered the hall the entertainment was in progress; that no seat was available for plaintiff; that the hall was crowded with patrons, most of whom were compelled to view the floor show from a standing or elevated position, some sitting on rows of benches or standing on window sills, tables or boxes; that one patron was standing on a stepladder which stood upright in the center of the hall, which patron removed himself from the stepladder and plaintiff started to climb the ladder to view the floor show; that the ladder collapsed, throwing plaintiff to the floor and injuring him. The injuries were described and the negligence of defendant is stated in several separate paragraphs. This petition was not attacked by demurrer or motion of any kind.

Defendant filed an amended answer in which it specifically denied all allegations of the petition charging it with negligence, pleaded contributory negligence of plaintiff in several paragraphs, also pleaded assumption of risk, and further alleged "that it is a charitable and eleemosynary corporation of which plaintiff herein was a member, . . . and that by reason thereof, defendant is not liable to plaintiff for damages on account of any alleged injuries sustained by plaintiff, if any such injuries were sustained." A copy of its charter was attached to the answer. This answer was not attacked by demurrer or motion of any kind.

Plaintiff filed a reply, which included a general denial, a specific denial that he was guilty of the contributory negligence alleged in the answer, and the following:

"Plaintiff specifically denies that defendant is a charitable and eleemosynary corporation but further alleges that if defendant is a charitable and eleemosynary corporation then a judgment against defendant would in no way affect the defendant's charitable trust funds, for the reason that it has, for a money consideration, secured a contract of insurance indemnifying it against all liability for the torts of its agents in the conduct of its affairs in an amount sufficient to cover the claim of plaintiff against the defendant in its entirety and therefore the resources and funds of defendant will not be subjected to the payment of any damages which plaintiff may recover in this cause."

The pertinent portions of the two sections of our applicable statute read:

"The supreme court may reverse, vacate or modify any of the following orders of the district court . . . *First*—A final order. . . ." (G. S. 1935, 60-3302.)

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment, . . ." (G. S. 1935, 60-3303.)

We think the order striking out a part of the reply is not an appealable order under the statute for the reason that it does not determine the action and prevent a judgment. It will be noted that without the parts stricken from the reply the issues are all made up: The amended petition, which we may assume defendant concedes states a cause of action if established by the evidence, since it was not attacked by motion or demurrer; the amended answer, which we may assume plaintiff concedes states a good defense if established by the evidence, since it is not attacked by motion or demurrer; and a reply, which contains general and specific denials of the allegations of the answer. We see no reason why a

judgment could not be rendered upon a trial of those issues. More than that, the insurer is not a party-defendant, neither is the insurance policy set out. If it is an "indemnity" policy, as the portion of the reply stricken tends to show, it certainly has no place in the reply. In *Whitlaw v. Insurance Co.*, 86 Kan. 826, 122 Pac. 1039, it was held:

"An order overruling a motion to strike out parts of an answer, which does not involve the merits nor determine the action, is not appealable, and can only be reviewed in this court after final judgment in the action."

The result is the questions argued in the brief of counsel should not be determined and the appeal should be dismissed.

It is so ordered.