No. 39,732

JACOB J. VOGT, *Appellee*, v. THE DRILLERS GAS COMPANY, a Corporation, *Appellant*.

(283 P. 2d 442)

Opinion filed May 7, 1955.

*Wesley E. Brown*, of Hutchinson, argued the cause, and *D. C. Martindell, W. D. P. Carey, Edwin B. Brabets, R. J. Gilliland, John F. Hayes, C. William Miller, R. C. Martindell*, and *Jack C. Stewart*, all of Hutchinson, were with him on the briefs for the appellant.

*Cliff Morgan*, of Newton, argued the cause for the appellee.

The opinion of the court was delivered by

ROBB, J.: Appellee, a resident of McPherson county, brought his original action in Harvey county against appellant, a Kansas corporation, with its principal offices in Wichita, Sedgwick county.

This appeal was taken from an order of the trial court which

sustained in part and overruled in part a motion by appellant to strike certain parts of appellee's amended petition.

The petition, in substance, alleged that appellee owns a certain described tract of land over which appellee's father and predecessor in title granted appellant a right of way for gas pipe line purposes. In the right of way agreement of February 16, 1937, appellant agreed to pay any damages to appellee's crops, fences, stock and land. Appellee set out a list of the damages in each year beginning in 1937 up to and including 1952, totaling $604.00, plus $1.00 per day from January 15, 1953, for pipe storage until the pipe is removed or this action is determined. Appellant owns pipe lines in Harvey county but none of its officers resides there nor does it have any office in Harvey county. It has never been a common carrier. The sheriff of Sedgwick county made a return showing corporation service on M. R. Shwortzkopf, secretary of appellant, at its regular office in Wichita.

Appellant appeared specially and filed a motion to quash the service of summons for lack of the trial court's jurisdiction over appellant, which was overruled. Appellant, reserving therein the question of jurisdiction, then filed a motion to make definite and certain and to separately state and number the causes of action, which motion was overruled. A few days after the trial court had overruled the motion to make definite and certain, appellant, again reserving the jurisdiction question, filed a motion to strike, which was overruled as to the first twenty grounds, but the trial court required appellee to amend with respect to setting up the subject matter in addition to the conclusions set out in regard to pipe storage, which, in substance, sustained the last grounds of the motion to strike and also permitted appellee to add the word "mutual," which made the account a *mutual,* open, current and running account.

An amended petition was filed to which the right of way agreement was attached and made a part thereof. To this appellant filed a motion to separately state and number, claiming the petition showed on its face that some of it was barred by the statute of limitations or, in the alternative, to strike certain portions of the petition, which were referred to by line numbers. The trial court sustained one part of the motion to strike marked IV and overruled parts I, II, III and V. Hence this appeal, which is based on the specifications of error that the trial court erred in

(1) overruling appellant's motion to quash service of summons on the Drillers Gas Company;

(2) entering judgment on October 14, 1954, overruling paragraph No. I of appellant's motion filed on December 30, 1953;

(3) entering judgment on October 14, 1954, overruling paragraph No. II of appellant's motion filed on December 30, 1953;

(4) entering judgment on October 14, 1954, overruling paragraph No. III of appellant's motion filed on December 30, 1953; and

(5) entering judgment on October 14, 1954, overruling paragraph No. V of appellant's motion filed on December 30, 1953.

Appellant contends that its motion to separately state and number or, in the alternative, to strike was an appealable order and in reality that is the only question before us. If the order made by the trial court falls in the class of final orders, then the trial court's ruling thereon is appealable.

The pertinent part of the statute (G. S. 1949, 60-3302) on this question is:

"The supreme court may reverse, vacate or modify any of the following orders of the district court . . . *First*—A final order,"

and G. S. 1949, 60-3303 in part provides:

"A final order which may be vacated, modified or reversed as provided in this article is an order affecting a substantial right in an action, when such order in effect determines the action and prevents a judgment. . . ."

See, also, Dassler's Kansas Civil Code, 2d ed., § 16, p. 1622, § 20, p. 1625.

An additional definition of a final order is to be found in Black's Law Dictionary, 4th ed., p. 1247, as follows:

"One which either terminates the action itself, or decides some matter litigated by the parties, or operates to divest some right; or one which completely disposes of the subject-matter and the rights of the parties."

Appellant has cited numerous cases all of which are based on final orders, but a careful study of the cases shows they are not of much help here because of differing factual situations. There are numerous cases on the subject of whether an order based on a motion to strike is such a final order as to invoke a review thereof by this court on appeal. We have held it was not in the following decisions:

"A special demurrer which is in effect a motion to strike rests in the sound discretion of the trial court, and rulings thereon are not appealable until final judgment in the lower court, unless they affect a substantial right

and in effect determine the action." (*Krey v. Schmidt,* 170 Kan. 86, 223 P. 2d 1015.)

"We think the order striking out a part of the reply is not an appealable order under the statute for the reason that it does not determine the action and prevent a judgment." (*Beck v. Philip Billard Post,* 170 Kan. 490, 491, 226 P. 2d 840.)

"The established rule in this jurisdiction is that motions to strike and make definite and certain rest in the sound discretion of the trial court, and rulings thereon are not appealable, unless they affect a substantial right and in effect determine the action." (*Billups v. American Surety Co.,* 170 Kan. 666, 670-671, 228 P. 2d 731, and cases therein cited.)

Under the statute and in view of the decisions and definitions above set out, we feel there is only one conclusion that can be reached in this case. The order of the trial court sustaining in part and overruling in part, the motion of appellant lodged against the amended petition of the appellee, is not an appealable matter.

For the reason stated, the appeal must be dismissed. It is so ordered.