No. 36,584

In the Matter of the Estate of Charles J. Duel, deceased. (ALMA E. HULING DUEL, *Appellant*, v. D. S. DUEL, *Appellee*.)

(171 P. 2d 271)

Opinion filed July 6, 1946.

*Roscoe E. Peterson, Russell L. Strobel*, both of Larned, *John A. Etling* and *W. N. Beezley*, both of Kinsley, were on the briefs for the appellant.

No appearance was made for the appellee.

The opinion of the court was delivered by

PARKER, J.: This appeal requires judicial construction of provisions of chapter 237 of the Laws of 1945, providing for the transfer of certain matters from probate to district court.

On October 6, 1945, one D. S. Duel, the appellee herein, filed a petition for administration on the estate of Charles J. Duel, deceased, in the probate court of Pawnee county. On November 7, 1945, Alma E. Huling Duel, the appellant, filed her written defense to appellee's petition and in the same pleading sought administration upon the estate of such decedent on her own behalf. Thereafter, and before the probate court had fixed a date for the hearing of either petition, the appellee in writing requested that the matter of the petition for administration filed by the appellant be transferred to the district court of Pawnee county. The grounds set forth in his request for the transfer and relied on by him as a basis therefor, read:

"1. That a bona fide controversy exists between himself and said Alma E. Huling Duel upon the administration of said estate;

"2. That a transfer to the district court is not sought for the purpose of vexation or delay; and

"3. That such transfer is authorized by Section 1 of Chapter 237 of the 1945 Session Laws of Kansas."

The application, from which we have just quoted, was immediately granted by the probate court and by its order the cause was transferred to the district court of Pawnee county and the original file delivered to the clerk of that tribunal. There the appellant moved to remand the proceeding and retransfer the file to the probate court on grounds (1) the original order of transfer was without authority of law and void, and (2) the district court has no jurisdiction to hear or determine petitions for administration. When this motion was overruled she promptly took action which brought the ruling thereon to this court for appellate review.

The foregoing brief statement is all that is required to clearly present the factual situation. It also makes apparent, since the allegations of grounds 1 and 2 of the petition for transfer are not disputed by the record, the sole question here involved is whether the provisions of chapter 237 of the Laws of 1945 permit the summary transfer of a proceeding for administration on an estate from probate to district court upon the filing of an application possessing the attributes herein described.

As heretofore indicated decision of the issue thus presented depends upon the construction to be given language to be found in sections 1 and 2 of the legislative enactment to which we have heretofore referred.

Pertinent portions of section 1 of such act, now G. S. 1945 Supp., 59-2402a, read:

"When a petition, *except a petition for* the allowance of a demand for less than five hundred dollars, or for the admission to probate of a last will and testament, *or to grant or revoke letters testamentary, or of administration,* or to direct and to control the official acts of executors and administrators, to settle their accounts, and to order the distribution of estates, or to determine the heirs, devisees and legatees of decedents, or to appoint and remove guardians for minors and incompetent persons, or to direct and control the official acts of such guardians, or to settle their accounts, or to hear and determine cases of habeas corpus shall be filed in the probate court, any interested party may request the transfer of such matter to the district court." (Emphasis supplied.)

Section 2, now G. S. 1945 Supp., 59-2402b, so far as material for our purpose, provides:

"Upon the filing of *such* request the probate court shall deliver to the district court the file in the matter, or so much thereof as may be necessary for a determination of the issues raised. Such issues shall thereupon be heard and determined in the district court as on appeal as provided by section

59-2408 of the General Statutes Supplement of 1943 as amended." (Emphasis supplied.)

In our opinion the language used by the legislature in G. S. 1945 Supp., 59-2402a, is entirely free from ambiguity. True enough it provides in general terms for the transfer of matters from probate to district court, but in clear and concise language it expressly excludes certain petitions which do not come within the purview of its scope. One of those exceptions is a petition to grant letters of administration. Eliminating language inapplicable to our factual situation the section simply reads: "*When a petition, except a petition to grant letters of administration, shall be filed in the probate court, any interested party may request the transfer of such matter to the district court.*" (Emphasis supplied.) In such state there is no room left for judicial construction and we are not warranted in looking beyond the words used in order to reach some construction which would extend the meaning of the plain terms of the act.

Long ago, in *Dudley v. Reynolds,* 1 Kan. 285, this court announced a fundamental rule of interpretation to which it has adhered throughout the years. In the opinion in that case it was said:

"But, when the terms of a law are clear and precise, the only duty of a court is to declare the applicability of the law to any given case. When the legislature has expressed its will in plain and unambiguous language, courts are bound to say they meant what they have clearly expressed. . . ." (p. 289.)

Later, in *Ayers v. Comm'rs of Trego Co.,* 37 Kan. 240, 15 Pac. 229, it was held:

"Where the statute is plain and unambiguous there is no room left for a judicial construction so as to change the language employed therein." (Syl. ¶ 2.)

In *Young v. Regents of State University,* 87 Kan. 239, 124 Pac. 150, we stated:

"Where the meaning of a statute is clear there is no room for interpretation. The meaning must be ascertained from the words used. The context, the whole act, statutes *in pari materia,* and all extraneous circumstances which may be supposed to have affected the mind of the legislature may be taken into consideration in case of ambiguity, but the intention thus ascertained must be consistent with and fairly expressed by the words employed. To depart from the meaning expressed by the words is to alter the statute, to legislate and not to interpret. . . ." (p. 252.)

Still later, in *Alter v. Johnson*, 127 Kan. 443, 273 Pac. 474, we held:

"A primary rule for the construction of a statute is to find the legislative intent from its language, and where the language used is plain and unambiguous and also appropriate to the obvious purpose the court should follow the intent as expressed by the words used and is not warranted in looking beyond them in search of some other legislative purpose or of extending the meaning beyond the plain terms of the act." (Syl. ¶ 1.)

More recent decisions recognizing and applying the rule are *Tresner v. Rees*, 154 Kan. 581, 119 P. 2d 511 and *State, ex rel., v. Shawnee County Comm'rs*, 159 Kan. 87, 151 P. 2d 700.

It may be suggested the words "upon the filing of such request the probate court shall deliver to the district court the file in the matter. . . ." as they appear in G. S. 1945 Supp. 59-2402b tend to make the language of the preceding section uncertain and indefinite. We have considered that question and reject it. The word "such" limits petitions which shall be transferred to those not within the exceptions described in the first section.

We have likewise considered, although it is not urged, the proposition that the words "to grant or revoke letters testamentary or of administration" are not sufficiently broad to include a petition for administration. It, too, has been rejected as not tenable. G. S. 1945 Supp. 59-2219 provides that a petition for administration must state the name, residence and address of the person for whom letters are prayed and we conclude the quoted language necessarily implies and includes a petition for administration of an estate.

Notwithstanding what has been heretofore announced we feel constrained to comment that even though the language of the statute under consideration was susceptible of more than one interpretation—which it is not—we would be compelled to reach a similar conclusion. Chapter 237 of the Laws of 1945 was introduced in the legislature as house bill No. 122. When it came to the senate pertinent portions of section 1 read as follows:

"When a petition, except a petition for the allowance of a demand for less than fifty dollars, shall be filed in the probate court, any interested party may request the transfer of such matter to the district court."

There such bill was amended to read as subsequently enacted and as it now appears in the statute. (See Senate Journal, 1945, pp. 310, 311). By amending a bill which by its terms as originally introduced would have permitted all matters in probate court except

those involving demands of less than fifty dollars to have been summarily transferred from probate to district court so as to include the exceptions and in particular the one here involved, now to be found in the statute, we believe the legislature definitely indicated its intent and purpose to keep jurisdiction to hear and determine petitions for administration in the probate court. Therefore, even though the statute be regarded as ambiguous or susceptible of more than one interpretation judicial construction would require the conclusion herein indicated.

In conclusion it should perhaps be stated that by reason of the failure of appellee to file a brief we have had to assume whatever arguments may have been presented to the trial court to procure the judgment of which complaint is made.

The judgment is reversed with instructions to sustain the motion and remand the cause to the probate court.