No. 40,268

In re Estate of Thomas O'Leary, Deceased, (KENNETH G. HAFNER, *Appellee,* v. JAMES O'LEARY, JULIA ZWICKL, MIKE O'LEARY, and EDWARD O'LEARY, *Appellants.*)

(304 P. 2d 547)

Opinion filed December 8, 1956.

*Clarence J. Malone,* of Topeka, argued the cause, and *Forest W. Brown,* of Atwood, and *James Malone* of Gem, were with him on the briefs for the appellants.

*Wallace T. Wolfe,* of Oberlin, argued the cause, and *C. A. P. Falconer,* and *Robert J. Lewis,* both of Atwood, and *John M. Bremer,* and *Marvin W. Meyer,* both of Oberlin, were with him on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: An original proceeding commenced in the probate court was transferred to the district court and this is an appeal

from an order of that court which overruled a demurrer to a petition seeking the admission of a will to probate.

Appellee, a nineteen year old minor, through his father as natural guardian and next friend, filed a petition as a beneficiary, requesting admission of the will of Thomas O'Leary, (herein referred to as Thomas) to probate. A brief summarization of the petition will suffice. Thomas died in Decatur county on August 19, 1955; he left as legal heirs only the appellants, who were his brothers and a sister; Thomas's will was dated December 11, 1954, had been duly executed, was genuine and valid, and should be admitted to probate; at the time of execution Thomas was of full age, of sound mind, and was not under any restraint; the devisees and legatees named in the will were St. Mary's Catholic Church of Herndon and the appellee. The assets of the estate were set out and showed property in addition to that covered by the will.

Thomas executed his will at the age of seventy-two years and in addition to formal parts the will provided that the executor should pay all debts including the expenses of Thomas's last sickness and funeral. A bequest of $500 was made to St. Mary's Catholic Church of Herndon for church masses and a bequest of decedent's three-fifths' undivided interest in certain described real estate was made to appellee and in connection therewith the will further provided,

". . . in consideration of his [Kenneth] taking care of me during the rest of my life, he having for the past two years prior to the execution of this will looked after and cared for me which is to be continued during the rest of my life, and he is to pay for my expense of last sickness and burial as hereinbefore provided.

"I have in mind the claim or claims of my brothers and sister and their children to my property and bounty, but due to my situation at the present time I am making this will to provide for my welfare and confort during the last day of my life."

A. B. Nichols of Atwood was named executor of the will to serve without bond.

Appellants petitioned for transfer to the district court under G. S. 1955 Supp. 59-2402a which in part reads:

"When a petition shall be filed in the probate court, (1) to admit a will to probate . . . any interested party may request the transfer of such matter to the district court. . . ."

Prior to the 1951 enactment a petition for the administration of an estate was not transferrable under G. S. 1949, 59-2402a. (*In re Estate of Duel*, 161 Kan. 593, 171 P. 2d 271.)

The transfer to the district court was ordered and appellants filed a motion to make the petition to admit the will to probate more definite and certain by directing the appellee to allege whether he claims to have performed the duties and to have met the obligations and responsibilities required in the will and the particulars thereof. This motion was overruled and appellants were granted twenty days in which to answer appellee's petition.

Appellants did not file an answer but instead demurred to appellee's petition and set out that the petition failed to state sufficient facts to entitle appellee to the relief sought, as required by G. S. 1949, 59-2202 (4). The demurrer was overruled and again appellants were granted twenty days to answer. This appeal followed.

There are many situations governed by our probate code during the administration of an estate and each procedural step is by petition under G. S. 1949, 59-2201, which provides:

"Every application in a probate proceeding, unless made during a hearing or trial, shall be by petition signed and verified by or on behalf of the petitioner. No defect in form shall impair substantial rights; and no defect in the statement of jurisdictional facts actually existing shall invalidate any proceedings."

It is clear that one of the steps to be made by petition in a probate proceeding is the admission of a will. (*Price v. Gibson,* 165 Kan. 10, 18, 192 P. 2d 219.) Not only was it proper for appellee to offer the will for probate, but it was his duty to do so. (G. S. 1949, 59-618; *Kininmonth v. Carson,* 156 Kan. 808, 820, 137 P. 2d 173.)

The petition offering the will for probate was the only pleading which was ever filed and no other pleadings were ordered or filed by the district court after the matter was transferred. This brings us to the vital question in this appeal. In a petition to admit a will to probate, the only question is whether the instrument produced is a will and as such is entitled to probate, and any prior orders relative to proceedings incident to such determination are not *res judicata.* (*In re Estate of Reed,* 157 Kan. 602, 142 P. 2d 824.)

Appellants contend the property devised to appellee was burdened with obligations set out in the will. He may be required to satisfy them before he can be vested with title to such property under rules applicable to contractual will cases (*In re Estate of Koellen,* 162 Kan. 395, 405, 176 P. 2d 544) but that relates to. the outcome of a future procedural step which is not proper for consideration at this time.

To follow appellants' theory the court would be required prior to or at the same time of admitting the will to probate also to determine the rights of a legatee under the terms of the will. Such a result would be in direct conflict with our decisions. As we have said, the only question presented is whether a will which has been offered for probate should be admitted to probate. (*In re Estate of Osborn,* 167 Kan. 656, Syl. ¶ 2, 208 P. 2d 257.) Further, to follow appellants' contention would certainly place a limitation on the statute (G. S. 1949, 59-2201) previously quoted.

A search of the probate code does not reveal any provision for the filing of motions or demurrers to a petition such as the one here involved. The code provides only for *written defenses.* We have no hesitancy in concluding the motion and demurrer were improper in this proceeding. (*In re Estate of Fast,* 170 Kan. 352, 225 P. 2d 1056.)

In conclusion, the only issue to be determined at this stage of the proceedings is that set out in 3 Bartlett's Probate Law and Practice, § 1237, where it is said:

"On a hearing for the probate of a will the burden of proof is upon the proponent of the will to show: (1) the testamentary character of the instrument, (2) the testamentary capacity of the testator, and (3) the due execution of the will in accordance with statutory requirements." (p. 88.)

By reason of what has been stated herein it is unnecessary to pursue other contentions raised by appellants. The trial court was correct in overruling appellants' motion and demurrer.

The judgment is affirmed.