No. 123,943

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Estate of
ALMA FAYE LESSLEY.

SYLLABUS BY THE COURT

1.

No will of a testator who died while a resident of this state shall be effectual to pass property unless a petition is filed for the probate of such will within six months after the death of the testator, except as provided by statute.

2.

After the decedent's death, the person having custody of the decedent's will shall deliver the will to the district court in the county where the decedent resided.

3.

A petition for probate of a will and the will itself must be filed with the district court within six months of the decedent's death.

4.

In order to probate a will, the district court must have the will. Timely filing of the will is a required step in the probate process.

5.

The untimely filing of a will causes the will to become ineffective and not subject to admission to probate.

1

Appeal from Sedgwick District Court; ROBB W. RUMSEY, judge. Opinion filed March 11, 2022. Affirmed and remanded with directions.

*Thomas C. McDowell*, of McDowell Chartered, of Wichita, for appellant Kris F. Lessley.

*Russell L. Mills*, of Russell L. Mills Attorney at Law, of Derby, for appellee Kelli F. Lessley.

Before POWELL, P.J., SCHROEDER, J., and JAMES L. BURGESS, S.J.

SCHROEDER, J.:  Alma Faye Lessley died on June 22, 2018. A petition to admit her will to probate was filed by Kris F. Lessley, the named executor in the will, on September 26, 2018. But Alma's Last Will and Testament was not filed with the district court until almost 18 months later on December 20, 2019. Kris filed this interlocutory appeal of the district court's determination the will could not be admitted to probate and record because it was filed outside of the six-month window allowed by K.S.A. 59-617 and K.S.A. 59-2220. Upon an extensive review of the record and the applicable statutes contained in the probate code, we find no error by the district court. We affirm and remand for further proceedings.

FACTS

Alma, a resident of Kansas, died on June 22, 2018, leaving four children—two sons and two daughters. Alma and her husband had prepared reciprocal wills in 1982, which divided all property equally among their four children if one spouse predeceased the other. On April 18, 2018, a few months prior to Alma's death, she prepared a new will naming her son, Kris F. Lessley, as personal representative and further bequeathing a substantial portion of her assets to Kris to the exclusion of her three other children and her husband. About the time the new will was prepared and executed, Alma filed for divorce from her husband of 60 years. Alma was granted an emergency divorce on June 6, 2018, with the district court bifurcating the division of assets to another day.

Kris filed a petition for probate of Alma's will and issuance of letters testamentary in the matter of Alma's estate on September 26, 2018. The petition stated, in relevant part:

"The instrument dated April 18, 2018, and filed with this Petition is the Last Will and Testament of the decedent. The Will dated April 18, 2018, was executed according to law and unrevoked at the time of the decedent's death. At the time of the execution of the Will, the decent was of legal age, of sound mind, and was not under any restraint."

Contrary to the above statement in the petition for probate, Alma's will was not attached to the petition or filed with the district court. Kris also prepared and filed an affidavit of service stating he had complied with K.S.A. 59-2209, which requires the petitioner, within seven days after the first publication of the notice of hearing, to mail, postage prepaid, a copy of the petition with its attachments, including a copy of the will, to the known heirs and beneficiaries.

One of Alma's daughters, Kelli F. Lessley—an heir and beneficiary under the will—filed a petition to stay all probate proceedings until Alma's divorce proceedings had concluded as the marital property had not been divided and Alma's individual assets were unknown. A few days prior to the scheduled hearing to stay all probate proceedings, Kris' attorney e-mailed a copy of Alma's will to the attorneys representing Alma's heirs. The day after Kris e-mailed Alma's will, Kelli filed written defenses and objections to the probate of Alma's will. Among Kelli's objections included the failure to file a properly executed will with the district court or provide a copy of the will to any heir. No stay order was entered in the probate matter, but it was continued several times from October 2018 until January 8, 2020. Even with notice from Kelli in October 2018 that the will was not filed with the petition to admit the will, Kris still did not file Alma's will until December 20, 2019—approximately 18 months after Alma's death. After the will was filed, Kelli, along with the other heirs, filed another written defense, arguing in part the

3

district court should deny admission of Alma's will to probate as it was untimely filed and the result of undue influence. Alma's probate case and divorce case were eventually consolidated, and the district court continued the matter to address the admissibility, but not the validity, of Alma's will.

In February 2020, Kris filed another petition to admit the will with the will attached. Kris argued that the petition for probate of Alma's will and issuance of letters testamentary was filed and set for hearing within six months of Alma's death, which stopped the statute of limitations from running. Kris further stated the petition mentioned Alma's will three times, which was sufficient to establish the will existed and the petition was timely filed. Kris argued, in the alternative, his attorney conveyed to him Alma's original will was timely filed with the clerk of the district court along with the petition in September 2018. Kris then stated he knowingly withheld Alma's will under the mistaken belief he was to safeguard it forever. Kelli filed a petition for judgment on the pleadings or, in the alternative, for partial summary judgment because Alma's will was untimely filed.

The district court found the petition for probate was timely filed within six months of Alma's death but neither the original will nor a copy of the will was attached, which was a necessary part of the probate filing. Kris needed to file Alma's will by December 22, 2018—six months after Alma's death—for the district court to consider admitting the will to probate. The district court also explained Kelli's petition for a stay order was not heard by the district court and no order was filed granting a stay of the probate proceedings. The district court amended its journal entry for purposes of an interlocutory appeal to include a finding that K.S.A. 59-617 involved a controlling question of law in which there was a substantial ground for difference of opinion. Specifically, the question is whether a will needed to be filed with the petition for probate or, if not filed with the petition, filed within six months of the decedent's death. We granted Kris' application for interlocutory appeal. Additional facts are set forth as necessary.

4

A PETITION TO ADMIT A WILL FILED WITHIN SIX MONTHS OF THE DECEDENT'S DEATH
WITHOUT THE WILL ATTACHED WILL NOT TOLL THE NEED TO FILE THE WILL WITHIN
SIX MONTHS.

Kris argues, under K.S.A. 59-617 and K.SA. 59-2220, Alma's April 2018 will did
not need to be filed along with the petition for the probate of the will or within six months
after Alma's death. Kelli responds Alma's will had to be filed with the district court
within six months of Alma's death or it became ineffective to pass real or personal
property. The parties agree Alma was a resident of Kansas and the essential facts
underlying this appeal are not in dispute. The issue presented is a question of law over
which we have unlimited review.

Both parties correctly identify our standard of review. We exercise unlimited
review over the legal question of statutory interpretation. The fundamental rule of
statutory interpretation is that the Legislature's intent governs if its intent can be
ascertained through the plain and unambiguous language of a statute. That is, appellate
courts are to interpret statutory language as it appears, without speculation or reading
language into the statute not readily found therein. *In re Estate of Strader*, 301 Kan. 50,
55, 339 P.3d 769 (2014).

*K.S.A. 59-617*

The parties agree K.S.A. 59-617 acts as a six-month statute of limitations for the
admission of a will to probate, stating: "No will of a testator who died while a resident of
this state shall be effectual to pass property unless a petition is filed for the probate of
such will within six months after the death of the testator, except as hereinafter

provided." See *In re Estate of Clare*, 305 Kan. 967, 969, 389 P.3d 1274 (2017) (finding K.S.A. 59-617 sets time limitation for passing property under will).

Kris argues the clear and unambiguous language of K.S.A. 59-617 requires the filing of only a petition for the probate of a will, not the will itself. Kris' argument is unpersuasive because Kris fails to recognize the petition as set forth in K.S.A. 59-617 is further defined in K.S.A. 59-2220 to require that the will is to be filed if it can be produced. Nothing in the record reflects the will could not have been produced and timely filed. Kelli also responds a petition without an attached will fails to toll the statutory requirement for a will to be filed within six months of the decedent's death.

While K.S.A. 59-617 explicitly provides a *petition* must be filed for the probate of a will within six months of the testator's death, K.S.A. 59-618 provides an exception to the statute of limitations, allowing a will to be filed if it was knowingly withheld from probate. K.S.A. 59-618 states:

> "Any person who has possession of the will of a testator dying a resident of this state, or has knowledge of such will and access to it for the purpose of probate, and knowingly withholds it from the district court having jurisdiction to probate it for more than six months after the death of the testator shall be liable for reasonable attorney fees, costs and all damages sustained by beneficiaries under the will who do not have possession of the will and are without knowledge of it and access to it. Such will may be admitted to probate as to any innocent beneficiary on petition for probate by any such beneficiary, if such petition is filed within 90 days after such beneficiary has knowledge of such will and access to it . . . ."

Our Supreme Court analyzed K.S.A. 59-618 and explained:

> "[A]pplying this ordinary meaning, K.S.A. 59-618 can legitimately be read only one way: 'such will' in the second sentence refers to the will 'having just been mentioned' in the first sentence. In other words, it means a will that has been knowingly withheld from

probate for more than 6 months after the death of a testator by a person who has possession of the will or knowledge of and access to it." *Strader*, 301 Kan. at 57.

That is, a petition must be filed for the probate of a will, and the exception allows for additional time to admit the *will* to probate once an innocent beneficiary has knowledge and access to the will.

The district court correctly noted K.S.A. 59-618 did not apply as an exception to the statute of limitations here as Kris had knowledge and access to Alma's will and was not an innocent beneficiary. K.S.A. 59-618 does not provide Kris with the protection he seeks. Kris had six months from June 22, 2018—the date of Alma's death—to file a petition with the will attached or file the will separately within the same six-month period for probate of the will. Kris should have filed the will along with the petition for probate of the will within six months of Alma's death, as he had knowledge of the will and access to it. In fact, within the petition for probate of Alma's will, Kris represented the will was attached to the petition:

> "The instrument dated April 18, 2018, and filed with this Petition is the Last Will and Testament of the decedent. The Will dated April 18, 2018, was executed according to law and unrevoked at the time of the decedent's death. At the time of the execution of the Will, the decent was of legal age, of sound mind, and was not under any restraint."

More importantly, K.S.A. 59-616 explicitly states: "No will shall be effectual to pass real or personal property unless it shall have been duly admitted to probate." Kris failed to cite or reference K.S.A. 59-616. The district court also considered K.S.A. 59-621, which requires the person having custody of the decedent's will to deliver the will to the district court after the decedent's death. The record reflects, after filing his petition to admit the will to probate, Kris was put on notice the will had not been filed with the district court and took no action to remedy the issue before the expiration of the six-month period from Alma's death.

7

K.S.A. 59-616, K.S.A. 59-617, K.S.A. 59-618, K.S.A. 59-621, and K.S.A. 59-2220 should be read together in workable harmony. See *In re Estate of Wolf*, 279 Kan. 718, 724, 112 P.3d 94 (2005) ("'General and special statutes should be read together and harmonized whenever possible, but to the extent a conflict between them exists, the special statute will prevail unless it appears the legislature intended to make the general statute controlling.' [Citation omitted.]"). Read together, the statutes plainly indicate a petition for probate of a will *and the will itself* must be filed with the district court within six months of the decedent's death to be eligible for admission to probate unless the party presenting the will is an innocent beneficiary. See K.S.A. 59-618.

Our Supreme Court has explained that technical requirements for probate procedures are flexible and do not deprive a probate court of jurisdiction. *Clare*, 305 Kan. at 970-71. But the obvious function of a will is to publish it by timely filing it for probate and to further control the distribution of real or personal property to the decedent's heirs, devisees, legatees, and other beneficiaries. Once filed, the probate court can give legal force and effect to the will after it is admitted to probate. Filing a petition to admit a will without attaching the will or otherwise timely filing the will leads to an absurd result— one this court cannot abide. See *In re Marriage of Traster*, 301 Kan. 88, 98, 339 P.3d 778 (2014) (courts must construe statutes to avoid unreasonable or absurd results).

*K.S.A. 59-2220*

Kris appropriately contends Kansas public policy does not favor suppressing or withholding a will from probate based on technicalities. However, while our Supreme Court has acknowledged this public policy rationale conflicts with statutory interpretation, it determined "this policy is qualified by the legislative intent clearly expressed" in the statutes. *Strader*, 301 Kan. at 60. Kris' intentional retention of the will reflects his public policy argument is unpersuasive under the plain meaning of the statute *in pari materia*.

8

K.S.A. 59-2220 provides:

"A petition for the probate of a will, in addition to the requirements of a petition for administration, shall state: (a) The names, ages, residences and addresses of the devisees and legatees so far as known or can with reasonable diligence be ascertained; (b) the name, residence, and address of the person, if any, named as executor; and (c) the name and address of the scrivener of the will, if known or ascertainable with due diligence. *The will <u>shall</u> accompany the petition if it can be produced.* . . . A petition for the probate of a lost or destroyed will shall contain a statement of the provisions of the will." (Emphasis added.)

In *In re Estate of O'Leary*, 180 Kan. 419, 422, 304 P.2d 547 (1956), our Supreme Court examined "whether a will which has been offered for probate should be admitted to probate." Our Supreme Court explained: "It is clear that one of the steps to be made by petition in a probate proceeding is the admission of a will. Not only was it proper for appellee to offer the will for probate, but it was his duty to do so. [Citations omitted.]" 180 Kan. at 421.

K.S.A. 59-2220 says what it means and simply provides certain requirements a petition for the probate of a will must contain. Among those requirements is a copy of the testator's will if it can be produced. The district court correctly noted neither Alma's original will nor a copy of the will accompanied the petition for probate of will and issuance of letters testamentary filed on September 26, 2018, as required by the plain meaning of the statute. In October 2018, Kelli objected to the probate of Alma's April 2018 will, providing notice to Kris that Alma's will was not filed with the district court or provided to any heir. For reasons not fully explained in the record, Kris did not file the will with the district court, and his attorney choose to email a copy of the will to the parties' attorneys and not mail it postage prepaid to each heir, devisee, legatee, or other interested parties as K.S.A. 59-2209 requires.

9

Kris, without explanation, has provided conflicting and evolving explanations as to why Alma's will was not presented for timely filing. Kris first explained the petition for probate mentioned the will, which was sufficient. Kris then alleged his attorney told him the will was hand delivered to the clerk of the district court, which we now know was an incorrect statement since Kris had the will in his possession. Kris finally admitted the will was not filed with the petition but claimed he was an innocent beneficiary because he had the mistaken impression he was to safeguard the will forever.

Kris admitted he had access to Alma's will, so it could have been produced and filed with the district court within the six-month statute of limitations. K.S.A. 59-2220 requires the will accompany the petition if it can be produced or, if the will has been lost or destroyed, the petition contain a statement of the provisions of the will. If the petition is required to contain a statement of the provisions of a lost or stolen will, it necessarily would require the filing of the will itself—being the best evidence of the decedent's wishes—if it is available. See K.S.A. 60-467(a) ("As tending to prove the content of a writing, no evidence other than the writing itself is admissible . . . .").

The district court correctly found there was no reason Alma's will could not have been produced and filed with the petition for probate, or at least within six months of Alma's death, as Alma's will was not lost or misplaced. In order to probate a will, the district court must have the will. Filing the will is a required step in the probate process, and Kris failed to timely file Alma's will as required by Kansas statutes. The untimely filing of Alma's will causes the will to become ineffective and not subject to admission to probate.

*Sedgwick County Administrative Order 16-4 Amended*

Kris contends Sedgwick County Administrative Order 16-4 Amended impermissibly conflicts with Kansas probate statutes and cannot add the requirement the

will be electronically filed when such requirement is not mandated in the statutes. Kelli asserts the local rule is consistent with statutory provisions for filing a will.

"A local rule may not conflict with statutes or Supreme Court rules. The validity of a local rule is also subject to review for its reasonableness. [Citations omitted.]" *In re Estate of Clare*, 305 Kan. at 970; see also Supreme Court Rule 105 (2022 Kan. S. Ct. R. at 175) ("A judicial district . . . may adopt rules that are: (1) clear and concise; (2) necessary for the judicial district's administration; (3) consistent with applicable statutes; and (4) consistent with—but not duplicative of—Supreme Court Rules."). A local rule cannot create jurisdictional obstacles or add statutory requirements. *In re Estate of Clare*, 305 Kan. at 971. Our Supreme Court approves of electronic filing in district courts and requires a Kansas licensed attorney permitted to practice law to electronically file any document submitted to the district court. Kansas Supreme Court Rule 122(a)(1), (b) (2022 Kan. S. Ct. R. at 212).

Effective October 3, 2016, Sedgwick County Administrative Order 16-4 Amended provided:  "When electronically filing a petition to admit a will to probate, a copy of the will shall also be electronically filed with other pleadings. The original may be filed or archived with the clerk of the district court pursuant to Kansas Statutes as amended."

Because the filing of a will is a necessary step to probate the will under Kansas statutes, Sedgwick County Administrative Order 16-4 Amended is logical and consistent with requiring the electronic filing of a copy of the will with the petition or other pleadings for probate. In other words, the electronic filing requirement in Sedgwick County regarding a petition for probate of a will is consistent with, but not duplicative of, our Supreme Court's electronic filing rules.

*The parties' agreed-upon continuances of hearings did not toll the statutory obligation to file the will within six months of Alma's death.*

Kris argues the parties to this suit agreed to stay all proceedings then currently pending in this probate action until resolution had been achieved in the domestic action regarding Alma's divorce. Kris contends the stay was to remain in effect until the legal and factual issues related to the admission of Alma's April 2018 will for probate were resolved. Kris further asserts, while the proceedings were stayed, the parties unsuccessfully engaged in settlement negotiations, during which Alma's 2018 will was exchanged among the parties.

Kelli responds the parties agreed to continue the probate matter pending mediation, hearings, and motions in Alma's divorce case but contends a continuance is not a stay order or a waiver of the statute of limitations requiring the timely filing of Alma's will. Kelli asserts the probate case was not stayed but, rather, was continued because there were no assets to administer until Alma's divorce case was resolved.

Kris explains: "*Black's Law Dictionary Free Online Legal Dictionary 2nd ed., thelawdictionary.org/stay-order/*, [defines] a 'stay order' [as] a 'court order suspending a judicial proceeding either in full or in part.'" Kris unpersuasively alleges the parties acquiesced, or passively accepted, a stay of probate proceedings. While Kris provides the definition of a stay order, he fails to also provide the definition of a continuance.

A continuance is defined as: "1. The act of keeping up, maintaining, or prolonging . . . . 2. Duration; time of continuing . . . . 3. *Procedure*. The adjournment or postponement of a trial or other proceeding to a future date." Black's Law Dictionary 400 (11th ed. 2019). The record reflects multiple continuances occurred throughout the matter in which the district court continued, prolonged, and postponed proceedings to a set future date. While Kelli filed a petition to stay the probate proceedings, there is no

12

corresponding order in the record on appeal to reflect the district court heard the issue or granted a stay of proceedings. The record on appeal does, however, reflect the probate matter was continued multiple times within the sound discretion of the district court. See K.S.A. 2020 Supp. 60-240(b). Kris even acknowledges in his brief the October 2018 hearing "was continued to January 23, 2019, and then subsequently continued [three more times with the final hearing not held] until January 8, 2020." All of the parties agreed to each of the continuances, and nothing in the record on appeal reflects the statutory time within which the will was to be filed was stayed.

Finally, Kris asserts Kelli waived any statute of limitations defense by failing to assert such defense in a meaningful manner. Kris also asserts, under the doctrine of equitable estoppel, he was lulled "into a good faith reliance that a statute of limitations defense pursuant to K.S.A. 59-617 would not be sought by Kelli." Kris alleges Kelli never indicated she would raise such a defense and raised the issue for the first time in January 2020. Kris misstates the record. Kelli's October 2018 filing reflects her written defenses and objections to the probate of Alma's will. Kelli specifically stated: "No properly executed will has been filed with the court as far as I know, and none has been provided to any heir."

Kris' argument is a strained and unpersuasive attempt to extend the statute of limitations after conceding the will was untimely filed. Kris had possession and access to Alma's will during the proceedings and easily could have filed Alma's will within six months of her death as part of the pleadings.

We find the district court never granted a stay order to toll the six-month statute of limitations for filing of the will. Therefore, Kris' failure to timely file the will within six months of Alma's death, given the fact he is not an innocent beneficiary, causes the will to become ineffective and not subject to admission to probate. We affirm the district

13

court's finding on the question certified for interlocutory appeal and remand the matter to the district court for further proceedings.

Affirmed and remanded with directions.